193 S.W.3d 670 (2006)
In the Interest of M.R.J.M., A Child.
In the Interest of T.C. and G.C., Children.
Nos. 2-05-392-CV, 2-05-074-CV.
Court of Appeals of Texas, Fort Worth.
April 13, 2006.
*671 Swanda & Swanda, P.C., Dean M. Swanda, Arlington, for Appellant in No. 2-05-392-CV.
Fred M. Barker, Asst. County Atty., Parker County Texas, Weatherford, for Appellee in No. 2-05-392-CV.
Holmes, Woods, Diggs & Eames, Tiffany L. Haertling, Philip L. Reynolds, Denton, for Appellant in No. 2-05-074-CV.
Bruce Isaacks, Crim. Dist. Atty., Kathleen A. Walsh, Vicki Foster, Asst. Dist. Attys., Denton, for Appellee in No. 2-05-074-CV.
Before the court en banc.

OPINION AND ORDER
JOHN CAYCE, Chief Justice.
In separate appeals, Michael Glenn M., Timothy Paul C., and Trina Kay C. (collectively, appellants) appeal the termination of their parental rights to their children. After appellants filed their motions for new trial, statements of points on appeal, and notices of appeal, the respective trial courts held the hearings required by section 263.405(d) of the family code.[1] Each of the appellants' statements of points challenged the factual sufficiency of the evidence to support the juries' findings that one or more grounds for termination exist and that termination is in the best interest of the children.[2] Both trial courts denied the appellants' motions for new trial, *672 found that appellants are indigent, and determined that an appeal of the issues raised in their statements of points would be frivolous.[3] After these appeals were filed, we consolidated them for the limited purpose of determining whether we have adequate records for reviewing the trial courts' frivolousness determinations on appellants' factual sufficiency complaints.
Appellants assert, among other complaints, that the provision in section 263.405(g) requiring an indigent party to appeal a trial court's frivolousness determination with only the record of the frivolousness hearing violates the separation of powers clause of the Texas Constitution,[4] because it interferes with the power courts of appeals are assigned under article V, section 6(a) of the constitution to decide factual sufficiency complaints.[5] For the reasons discussed below, we hold that the statute is not unconstitutional under the separation of powers clause of the constitution.
Under section 263.405(d), if an indigent parent timely files a statement of points or issues the parent intends to raise on appeal, the trial court must hold a hearing within thirty days after a termination order is signed to determine (1) whether a new trial should be granted;[6] (2) whether the parent's claim of indigence should be sustained; and (3) whether the appeal is frivolous as provided by section 13.003 of the civil practice and remedies code because it does not present "a substantial question for appellate review."[7] If the trial court determines that the appeal is *673 frivolous, the indigent parent is not entitled to obtain a free record on appeal.[8] The parent may, however, appeal the trial court's frivolousness determination by filing with the appellate court the record of the frivolousness hearing, which shall be provided without advance payment.[9] The appellate court is then required to review the record of the hearing and the appellate briefs, if any, without the benefit of oral argument, and render "appropriate orders."[10] We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard.[11]
Article V, section 6(a) of the Texas Constitution provides that "the decision of [the] courts [of appeals] shall be conclusive on all questions of fact brought before them on appeal or error."[12] This "factual conclusivity clause" has remained constant in our state constitution since courts of appeals were granted appellate jurisdiction in 1891.[13] Under it, we have the duty to make the final, "conclusive" determination whether fact findings in cases over which we have appellate jurisdiction are supported by all of the evidence.[14]
*674 In the cases before us, appellants have complained that, in light of all the evidence, they should be granted new trials because the evidence is factually insufficient to support the juries' findings that appellants' parental rights should be terminated. The trial courts determined that an appeal raising these complaints would be frivolous. Having carefully reviewed the records from the trial courts' frivolousness hearings, however, we cannot determine whether or not the trial courts acted within their discretion in making this determination. To decide whether a trial court has abused its discretion in determining that the evidence supporting a termination order is factually sufficient, and, therefore, that an appeal complaining that the evidence is factually insufficient is frivolous, we engage in a two-pronged inquiry: First, we decide whether the trial court had sufficient information upon which to exercise its discretion, and, second, we determine whether the trial court erred in the application of its discretion.[15] The factual sufficiency review comes into play with regard to the first question.[16]
In conducting a factual sufficiency review, "we must weigh all of the evidence in the record."[17] Thus, to decide whether a substantial question exists regarding whether the juries' termination findings in the cases before us are supported by factually sufficient evidence, and, therefore, whether the trial courts abused their discretion in determining that appellants' factual insufficiency complaints are frivolous, we need a record of all of the evidence in both cases.[18] Accordingly, we hold that an "appropriate" order under section 263.405(g) is to order that the reporters' records of all of the evidence admitted in both termination cases be prepared and filed in these appeals, without advance payment by appellants.[19]
*675 We believe that this result gives effect to the Legislature's intent as evidenced by the plain language of section 263.405.[20] The express purpose of the statute is to eliminate frivolous appeals in termination cases, reduce the costs associated with such appeals, and dispose of the appeals "with the least possible delay."[21] The statute is not intended to bar appeals that raise meritorious complaints, nor is it intended to prevent appellate courts from conducting meaningful review of such complaints. Rather, section 263.405(g) imposes upon appellate courts a duty to issue orders that are "appropriate," which we presume includes orders for a sufficiently complete record of the evidence to review an appellant's challenge to a trial court's determination that a factual sufficiency complaint is frivolous.[22]
Moreover, we believe our interpretation of section 263.405(g) avoids an interpretation that would render the statute unconstitutional. Statutes are presumed to be constitutional, and we are required to construe them in a manner that renders them so.[23]
Under the Texas Constitution, the courts of appeals have been granted the power to conduct conclusive appellate review of all factual sufficiency questions that are properly presented on appeal.[24] In cases where an indigent appellant timely files a statement of points complaining *676 that the evidence is factually insufficient to support a termination finding, and challenges on appeal the trial court's determination that an appeal raising such a complaint is frivolous, this constitutionally assigned power requires us to review all of the evidence to determine whether a substantial question exists as to whether the termination finding is supported by factually sufficient evidence.[25] The legislature cannot take away this power or interfere with our exercise of it.[26] Any attempt to do so would be null and void.[27]
Because the "appropriate orders" language of section 263.405(g) recognizes our authority to order the preparation of a record of all of the evidence in a termination case when necessary to review a trial court's determination that an appeal raising a factual sufficiency complaint is frivolous, the statute does not interfere with our factual sufficiency review power. We, therefore, hold that the statute is not unconstitutional under the separation of powers clause of the Texas Constitution.
For the foregoing reasons, it is ORDERED that the court reporters of the respective trial courts shall, on or before sixty (60) days from the date of this opinion and order, and without cost to the appellants, prepare and file reporter's records containing all of the evidence admitted at each of the termination trials.[28] Upon receiving these reporter's records, we will unconsolidate the appeals and address the merits of appellants' remaining complaints.[29]
NOTES
[1] See generally TEX. FAM.CODE ANN. § 263.405(b), (d)-(g) (Vernon Supp.2005) (providing procedures for determining indigency and right to obtain free record for appeal of judgment terminating parental rights).
[2] Appellants also raised other issues. Each of the appellants complains that the trial courts erred in determining that their appeals are frivolous. In addition, Michael Glenn M. complains about voir dire and the jury charge and argues that family code section 263.405 violates the separation of powers doctrine and due process; Trina Kay C. complains about the admission of evidence and that section 263.405 and civil practice and remedies code section 13.003 violate state and federal due process and equal protection; and Timothy Paul C. challenges the legal sufficiency of the evidence.
[3] The trial court did not rule on Trina Kay C.'s motion for new trial, but did find that her appeal is frivolous.
[4] Article II, section 1 governs separation of powers and provides as follows:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistry, ... and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.
TEX. CONST. art. II, § 1.
[5] Article V, section 6(a) provides in pertinent part as follows:

[The] Court[s] of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.
TEX. CONST. art. V, § 6(a). On our own motion, we ordered the cases submitted en banc and requested that the parties brief this and other issues. Originally, Cause No. 2-05-074-CV was submitted before a panel consisting of Chief Justice Cayce, Justice Walker, and Justice McCoy. Cause No. 2-05-392-CV was assigned to a panel consisting of Justice Gardner, Justice Walker, and Justice McCoy.
[6] The statement of points or issues may be combined with a motion for new trial; however, neither the trial court nor the appellate court may consider any issue not presented in a timely filed statement of points. TEX. FAM. CODE ANN. § 263.405(b), (i).
[7] Id. § 263.405(d); TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(b) (Vernon 2002); see also Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989) ("[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact."); accord Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex.1990); De La Vega v. Taco Cabana, Inc., 974 S.W.2d 152, 154 (Tex.App.-San Antonio 1998, no pet.) (op. on reh'g).
[8] TEX. FAM.CODE ANN. § 263.405(f); TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(a); In re H.D.H., 127 S.W.3d 921, 923 (Tex.App.-Beaumont 2004, no pet.).
[9] TEX. FAM.CODE. ANN. § 263.405(g).
[10] Id.
[11] See H.D.H., 127 S.W.3d at 923; In re D.C., No. 04-04-00928-CV, 2005 WL 1750130, at *1 (Tex.App.-San Antonio July 27, 2005, pet. denied) (mem.op.); Salinas v. Tex. Dep't of Protective & Reg. Servs., No. 03-04-00065-CV, 2004 WL 1896890, at *4 (Tex.App.-Austin Aug.26, 2004, no pet.) (mem.op.) (all applying abuse of discretion standard in appeals from frivolousness determinations in termination cases); see also De La Vega, 974 S.W.2d at 154 (holding that abuse of discretion standard is appropriate for reviewing frivolousness findings under section 13.003 because Texas courts generally apply an abuse of discretion standard to trial court decisions involving both factual determinations and legal conclusions); cf. Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992) (holding that an abuse of discretion standard of review applies to a federal district court's determination that an indigent defendant's lawsuit is frivolous under 28 U.S.C. § 1915(d)); Donwerth v. Preston II Chrysler-Dodge, Inc., 775 S.W.2d 634, 637 n. 3 (Tex. 1989) (holding that the propriety of a trial court's determination that a DTPA claim is groundless in fact or law is a question of law that appellate courts review under an abuse of discretion standard).
[12] TEX. CONST. art. V, § 6(a).
[13] See Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 648 (Tex.1988); Choate v. San Antonio & A.P. Ry. Co., 91 Tex. 406, 44 S.W. 69, 70 (1898). The original purpose of the factual conclusivity clause was to limit the supreme court's jurisdiction, not to enlarge courts of appeals' jurisdiction. Cropper, 754 S.W.2d at 648; see Choate, 44 S.W. at 69-70 (explaining that factual conclusivity clause did not grant courts of appeals authority to substitute their fact findings for those of the jury). By creating courts of appeals and vesting them with appellate jurisdiction, the 1891 constitutional amendment transferred to the courts of appeals the power over fact questions that the supreme court had exercised prior to the amendment. Cropper, 754 S.W.2d at 649; Choate, 44 S.W. at 70.
[14] See, e.g., Cropper, 754 S.W.2d at 649; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 662 (1951).

Article 5, s[ection] 6 of the Constitution ... requires the Court of Civil Appeals, upon proper assignment, to consider the fact question of weight and preponderance of all the evidence and to order or deny a new trial accordingly as to the verdict may thus appear to it clearly unjust or otherwise.
In re King's Estate, 244 S.W.2d at 662; see also TEX. GOV'T CODE ANN. § 22.225(a) (Vernon Supp.2005) (providing that a court of appeals' judgment is "conclusive on the facts of the case in all civil cases").
[15] See In re T.D.C., 91 S.W.3d 865, 872 (Tex. App.-Fort Worth 2002, pet. denied) (op. on reh'g) (discussing how legal and factual sufficiency are relevant factors for determining whether a trial court has abused its discretion).
[16] Id. When conducting a factual sufficiency review in a termination case, we apply a heightened standard of review in which we consider whether the evidence supporting termination rises to the level of being clear and convincing; that is, whether, in light of the entire record, the evidence is such that a fact finder could reasonably form a firm belief or conviction that the grounds for termination were proven. In re C.H., 89 S.W.3d 17, 25 (Tex.2002); see TEX. FAM.CODE ANN. § 101.007 (Vernon 2002). If the evidence contrary to the findings supporting termination is so significant that a fact finder could not reasonably have formed a firm belief or conviction in the truth of the findings, then the evidence is factually insufficient. In re J.F.C., 96 S.W.3d 256, 266 (Tex.2002).
[17] Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); see also Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).
[18] See J.F.C., 96 S.W.3d at 266; C.H., 89 S.W.3d at 28. The trial courts attempted to take "judicial notice" of all the testimony offered during the jury trials. A judicially noticed fact, however, "must be one not subject to reasonable dispute in that it is (1) generally known ... or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX.R. EVID. 201(b). Because the untranscribed testimony offered in appellants' contested jury trials is subject to reasonable dispute, we do not believe the trial courts had the discretion to take judicial notice of the testimony for the purpose of determining whether appellants' factual sufficiency complaints would be frivolous.
[19] TEX. FAM.CODE ANN. § 263.405(g); see TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(c) (providing that, in deciding whether an appeal is frivolous, the trial judge may order the trial court clerk to prepare all or part of the transcript as necessary for making the frivolousness determination); see also TEX.R.APP. P. 34.5(c), 34.6(d) (providing that, if anything relevant is omitted from the clerk's or reporter's records, the appellate court may direct the trial court clerk and court reporter to file supplemental records containing the omitted items). But cf. In re R.C., No. 04-05-00397-CV, 2005 WL 2367758, at *2 (Tex.App.-San Antonio Sept.28, 2005, no pet.) (mem.op.) ("At this stage on appeal, in considering whether the trial court abused its discretion [in determining that an appeal would be frivolous], we have only the reporter's record from the hearing on [appellant's] motion for new trial and statement of appellate points."); H.D.H., 127 S.W.3d at 923 ("We must determine whether, on the record before us [i.e., from the frivolousness hearing], the trial court abused its discretion in finding appellant presented no substantial question for appellate review and in finding the appeal to be frivolous ....").
[20] See TEX. GOV'T CODE ANN. § 312.002(a) (Vernon 2005) (providing that words used in statutes shall be given their ordinary meaning); Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex.2002) ("When construing a statute, we ascertain the Legislature's intent from the plain meaning of the actual language used.").
[21] TEX. FAM.CODE. ANN. § 263.405(a); see In re S.J.G., 124 S.W.3d 237, 242-43 (Tex.App.-Fort Worth 2003, pet. denied) (stating that the statute is designed to address postjudgment delays in termination appeals by making them accelerated, shortening appellate deadlines, and authorizing trial courts to make preappeal frivolousness determinations); In re M.G.D., 108 S.W.3d 508, 516 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) ("[T]he purpose of the statute generally is to the reduce post-judgment appellate delays."); In re D.R.L.M., 84 S.W.3d 281, 290 (Tex.App.-Fort Worth 2002, pet. denied) (same).
[22] TEX. FAM.CODE ANN. § 263.405(g); see TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) (providing that "shall" imposes a duty); see also De La Vega, 974 S.W.2d at 154 ("[W]hile the federal Constitution does not guarantee an appellant a free record to pursue a frivolous appeal, it does require that she receive a sufficient record, without charge, to establish the trial court erred in finding that her appeal is frivolous.") (citing Coppedge v. United States, 369 U.S. 438, 446, 82 S.Ct. 917, 921-22, 8 L.Ed.2d 21 (1962)). This result may also serve judicial economy by eliminating bifurcated appeals in cases in which the trial court's frivolousness determination is erroneous and the parties are required to rebrief with a full record.
[23] E.g., TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 2005); Proctor v. Andrews, 972 S.W.2d 729, 735 (Tex.1998); Holmans v. Transource Polymers, Inc., 914 S.W.2d 189, 191 (Tex.App.-Fort Worth 1995, writ denied).
[24] TEX. CONST. art. V, § 6(a); see also TEX. GOV'T CODE ANN. § 22.225(a).
[25] See TEX. FAM.CODE ANN. § 109.002(a) (Vernon 2002) (providing that appeals from final orders in termination suits "shall be as in civil cases generally").
[26] See Armadillo Bail Bonds v. State, 802 S.W.2d 237, 239 (Tex.Crim.App.1990); Reasonover v. Reasonover, 122 Tex. 512, 58 S.W.2d 817, 819 (1933); accord Lord v. Clayton, 163 Tex. 62, 352 S.W.2d 718, 721 (1961). The legislature may restrict and regulate our jurisdiction over termination appeals. See TEX. CONST. art. V, § 6(a) (providing that our appellate jurisdiction is subject to "such restrictions and regulations as may be prescribed by law"); Sultan v. Mathew, 178 S.W.3d 747, 752 (Tex.2005) (interpreting article V, § 6(a) as providing for legislative restrictions on appellate courts' jurisdiction). Once it has granted us jurisdiction over the appeals, however, it cannot interfere with our constitutionally assigned powers for reviewing them. See Armadillo Bail Bonds, 802 S.W.2d at 239; Meshell v. State, 739 S.W.2d 246, 252 (Tex.Crim.App.1987).
[27] Meshell, 739 S.W.2d at 252; Ex parte Giles, 502 S.W.2d 774, 780 (Tex.Crim.App. 1973); see TEX. CONST. art. II, § 1.
[28] See TEX.R.APP. P. 34.6(d). This order does not require the court reporters to prepare reporter's records of any nonevidentiary portions of the trials, such as pretrial hearings, voir dire, closing arguments, and postjudgment proceedings. We are unpersuaded by appellants' arguments that these nonevidentiary portions of the record are necessary for appellants to receive meaningful appellate review of their complaints. Nevertheless, should we later determine that other portions of the trial court record are, in fact, needed to properly review the trial courts' frivolousness determinations on appellants' other issues, we may deem it appropriate to supplement the appellate record with any relevant, omitted items. See TEX. FAM.CODE ANN. § 263.405(g); TEX.R.APP. P. 34.5(c)(1), 34.6(d).
[29] In light of our holding, we need not reach appellants' complaints that sections 263.405(g) and 13.003 violate their rights to due process and equal protection by requiring us to review the trial courts' frivolousness determinations without the benefit of the evidence admitted at trial. See TEX.R.APP. P. 47.1 (providing that appellate court need only address issues necessary to disposition of appeal).