IN THE INTEREST OF B.Y., L.M., AND J.L., CHILDREN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-332-CV

IN THE INTEREST OF

B.Y., L.M., AND J.L., CHILDREN

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After a bench trial, the trial court signed a final order terminating the parental rights of appellant Jennifer Read to her children, B.Y., L.M., and J.L.  The trial court subsequently held the hearing required by family code section 263.405(d) and denied Read’s motion for new trial, found that Read is indigent, and determined that an appeal of the issues raised in her statement of points would be frivolous.  
See
 
generally 
Tex. Fam. Code Ann
. § 263.405(b), (d) (Vernon Supp. 2005) (providing procedures for determining indigency and right to obtain free record for appeal of judgment terminating parental rights). 
 Read now appeals, challenging the trial court’s finding that the appeal is frivolous.   
See id.
 § 263.405(g).

In a single issue, Read contends that section 263.405(d)(3) of the family code, which authorizes the trial court to hold a hearing to determine whether an appeal of the termination order is frivolous, violates her due process rights. Read argues that this statute deprives her of the right to have her appeal considered by the appellate court and that the statute creates an undue difficulty in securing the trial record for the hearing, thus compromising her right to a meaningful appeal.

However, an appellate court has the authority to order the preparation of a record of all of the evidence in a termination case when necessary to review a trial court’s determination that an appeal raising a factual sufficiency complaint is frivolous.  
In re M.R.J.M.,
 No. 2-05-00392-CV, 2006 WL 949998, at *3 (Tex. App.—Fort Worth April 13, 2006, no pet. h.) (en banc). 
 
In this case, after reviewing the record from the frivolousness hearing, we 
ordered the court reporter to prepare and file a reporter’s record containing all of the evidence admitted at the trial on termination.  
See id.
 at *2-3; 
see also
 
Tex. R. App. P.
 34.6(d). 
 Because we have obtained and reviewed the reporter’s record and exhibits from the trial, our opportunity to address the merits of Read’s case on appeal is not limited, and Read has not been denied the right to a meaningful appeal.  Accordingly, a lack of access to the reporter’s record at the frivolousness hearing has not caused Read harm.  
See
 
Tex. R. App. P.
 44.1(a).  We overrule Read’s issue. 

Furthermore, after reviewing the reporter’s record and exhibits from the trial, we 
have determined that 
the trial court acted within its discretion by determining that Read’s appeal would be frivolous.  Read’s statement of points of appeal challenges two of the four statutory grounds found by the trial court to support termination, 
see 
Tex. Fam. Code Ann.
 § 161.001(1), 
as well as the factual sufficiency of the evidence supporting the trial court’s finding that termination is in the best interest of the children, 
see id.
 § 161.001(2)
.  Because Read left two findings unchallenged under section 161.001(1), the only issue left for appeal is the factual sufficiency of the evidence underlying the trial court’s best interests finding.
  

Based on all the evidence admitted at trial—including evidence of Read’s history of drug abuse, repeated refusals to undergo treatment for her drug abuse, and failure to comply with court-ordered services—we agree that any appeal from the judgment would not present a substantial question for appellate review.  
See id.
 § 263.405(d); 
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(b) (Vernon 2002);
 see also M.R.J.M.,
 2006 WL 949998, at *1 n.7. 
 Accordingly, we overrule Read’s challenge to the trial court’s frivolousness finding and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED: June 22, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.