COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NO. 2-05-332-CV



 

 

IN THE INTEREST OF

B.Y., L.M., AND J.L., CHILDREN

 

                                              ------------

 

             FROM THE 43RD DISTRICT COURT OF PARKER
COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








After a bench trial, the trial court signed a
final order terminating the parental rights of appellant Jennifer Read to her
children, B.Y., L.M., and J.L.  The trial
court subsequently held the hearing required by family code section 263.405(d)
and denied Read=s motion for new trial, found
that Read is indigent, and determined that an appeal of the issues raised in
her statement of points would be frivolous. 
See generally Tex.
Fam. Code Ann. ' 263.405(b), (d) (Vernon Supp.
2005) (providing procedures for determining indigency and right to obtain free
record for appeal of judgment terminating parental rights).  Read now appeals, challenging the trial court=s
finding that the appeal is frivolous.   See
id. '
263.405(g).

In a single issue, Read contends that section
263.405(d)(3) of the family code, which authorizes the trial court to hold a hearing
to determine whether an appeal of the termination order is frivolous, violates
her due process rights. Read argues that this statute deprives her of the right
to have her appeal considered by the appellate court and that the statute
creates an undue difficulty in securing the trial record for the hearing, thus
compromising her right to a meaningful appeal.








However, an appellate court has the authority to
order the preparation of a record of all of the evidence in a termination case when
necessary to review a trial court=s
determination that an appeal raising a factual sufficiency complaint is
frivolous.  In re M.R.J.M., No.
2-05-00392-CV, 2006 WL 949998, at *3 (Tex. App.CFort
Worth April 13, 2006, no pet. h.) (en banc). 
In this case, after reviewing the record from the frivolousness hearing,
we ordered the court reporter to prepare and file a reporter=s record
containing all of the evidence admitted at the trial on termination.  See id. at *2-3; see also Tex. R. App. P. 34.6(d).  Because we have obtained and reviewed the
reporter=s record
and exhibits from the trial, our opportunity to address the merits of Read=s case
on appeal is not limited, and Read has not been denied the right to a
meaningful appeal.  Accordingly, a lack
of access to the reporter=s record at the frivolousness
hearing has not caused Read harm.  See
Tex. R. App. P. 44.1(a).  We overrule Read=s issue.


Furthermore, after reviewing the reporter=s record
and exhibits from the trial, we have determined that the trial court acted
within its discretion by determining that Read=s appeal
would be frivolous.  Read=s
statement of points of appeal challenges two of the four statutory grounds
found by the trial court to support termination, see Tex. Fam. Code Ann. '
161.001(1), as well as the factual sufficiency of the evidence supporting the
trial court=s finding that termination is in
the best interest of the children, see id. '
161.001(2).  Because Read left two
findings unchallenged under section 161.001(1), the only issue left for appeal
is the factual sufficiency of the evidence underlying the trial court=s best
interests finding.  

 

 

 

 

 

 








 

Based on all the evidence admitted at trialCincluding
evidence of Read=s history of drug abuse, repeated
refusals to undergo treatment for her drug abuse, and failure to comply with
court-ordered servicesCwe agree
that any appeal from the judgment would not present a substantial question for
appellate review.  See id. '
263.405(d); Tex. Civ. Prac. & Rem.
Code Ann. ' 13.003(b) (Vernon 2002); see also
M.R.J.M., 2006 WL 949998, at *1 n.7. 
Accordingly, we overrule Read=s
challenge to the trial court=s
frivolousness finding and affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL F:    MCCOY,
J.; CAYCE, C.J.; and WALKER, J.

 

DELIVERED: June 22, 2006











[1]See Tex. R. App. P. 47.4.