**In the Interest of A.F.**

**No. 09–08–012 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted June 9, 2008.

Decided June 26, 2008.

Stephanie J. Hall, The Woodlands, for appellants.

David K. Walker, County Attorney, Amy Livsey, Assistant County Attorney, Conroe, for Appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

After a trial to a jury, the court below terminated the parental rights of Donald Frank and Christina Frank to their child, A.F. Appointed appellate counsel filed a motion for new trial and statement of points of appeal for both Donald and Christina. As to each parent, the trial court found that an appeal would be frivolous. The clerk's record and a reporter's record of the hearing have been filed. The Franks filed a joint brief in which they challenge the constitutionality of subsections (b) and (i) of Section 263.405 of the Texas Family Code. We hold that the appellants failed to establish a deprivation of their due process and equal protection rights. Because no substantial question is presented for review, we affirm the judgment.

In their statements of points for appeal, the Franks identified the following issues for appeal: (1) error in admitting evidence of the Department's removal of another child of the appellants; (2) exclusion of evidence relating to the removal of A.F.; (3) admission of evidence of previous referrals; (4) failure to sever Donald's and Christina's cases; (5) instructing the jury on an unconstitutional ground for termination; (6) failing to submit the grounds for termination separately; (7) legal and factual insufficiency of the evidence that each of the Franks allowed the child to remain in conditions that endangered the child's physical or emotional well-being; (8) legal and factual insufficiency of the evidence that each of the Franks engaged in conduct that endangered the child's physical or emotional well-being; (9) legal and factual insufficiency of the evidence that each of the Franks failed to comply with the provisions of a court order that specifically established the actions necessary to obtain return of the child; (10) legal and factual insufficiency of the evidence that termination is in the best interest of the child; (11) legal and factual insufficiency of the evidence of constructive abandonment; (12) legal and factual insufficiency of the evidence that the Department had been temporary conservator for at least six months preceding the hearing; (13) legal and factual insufficiency of the evidence that the Department had made reasonable efforts to return the child; (14) legal and factual insufficiency of the evidence that each of the Franks had not regularly visited or maintained significant contact with the child; (15) legal and factual insufficiency of the evidence that each of the Franks demonstrated an inability to provide a safe environment; (16) constitutional error in submitting disjunctive theories; (17) that subsections (b) and (i) of Family Code § 263.405 violate state and federal due process, procedural due process, and equal protection; (18) that subsections (b) and (i) of Family Code § 263.405 violate state and federal due

process, procedural due process, and equal protection, if the failure to file points of appeal is jurisdictional; (19) that subsections (b) and (i) of Family Code § 263.405 violate state and federal due process, procedural due process, and equal protection by not protecting the parents' rights in bringing forth ineffective assistance of counsel claims; (20) that each parent had a meritorious defense; (21) that granting a new trial would not harm the Department; and (22) that justice requires a new trial. Christina presented additional issues that her constitutional rights were violated by requiring her to comply with a service plan that the Department knew would be impossible for her to complete; that the Department confused the factfinder by presenting disparate grounds for termination; and that there was legally and factually insufficient evidence that Christina had a mental or emotional illness that rendered her unable to care for the child. As to most of the stated points on appeal, the Franks also alleged that counsel's failure to preserve the issue was ineffective assistance of counsel.

The trial court conducted the hearing required by the Family Code. *See* Tex. Fam.Code Ann. § 263.405(d) (Vernon Supp. 2007). At the hearing, the Department described the evidence relating to each of the points of appeal and presented an argument for why each ground would be frivolous. Appellate counsel acknowledged that trial counsel assisted her in the preparation of the points of appeal; however, trial counsel did not appear at the hearing either to identify the evidence relating to the points for appeal or to explain their trial strategy. On appeal to this Court, the Franks argue only those points for appeal that challenge the constitutionality of subsections (b) and (i) of Family Code § 263.405 on grounds of due process and equal protection.

■ Trial counsel was allowed to withdraw and appellate counsel was appointed the day after the trial court signed the judgment. The Franks argue that due process requires that counsel have access to a reporter's record of the trial before filing the statement of points. They rely on *M.R.J.M.*, where the court of appeals held that due process requires that the reporter's record be filed for the appellate court's review of the trial court's determination of frivolousness. *See In the Interest of M.R.J.M.*, 193 S.W.3d 670, 674 (Tex. App.-Fort Worth 2006, no pet.). This Court declined to adopt the reasoning of *M.R.J.M.* in *In the Interest of A.S.*, 239 S.W.3d 390, 392 (Tex.App.-Beaumont 2007, no pet.). In *A.S.*, a majority of the Court reasoned that limiting the scope of our review to the record of the hearing held under Family Code § 263.405, as clearly contemplated by the legislature, did not result in a deprivation of due process for a parent represented by new counsel on appeal. *Id.* at 393.

■ In this case, the Franks argue the holding in *M.R.J.M.* should not only be adopted by this Court but should be extended to require that a reporter's record be prepared for use by appellate counsel in preparing the statement of points in any case in which the appellate counsel did not represent the appellant at trial. They contend a balancing of the *Eldridge* factors outweighs the presumption that Section 263.405 comports with constitutional due process requirements. Determining what process is due in a particular proceeding requires consideration of three factors: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting use of the challenged proceeding; and (3) the risk of an erroneous deprivation of that interest due to the procedures used. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96

S.Ct. 893, 47 L.Ed.2d 18 (1976). Under the first factor, appellants argue that the parents and the child have a shared interest in an accurate and just decision. They acknowledge the countervailing governmental interest in protecting the child and providing stability under the second factor, and argue the risk of erroneous deprivation of the parent-child relationship is too high when counsel must "blindly" prepare points for appeal.

In addressing the appellants' procedural due process concerns, the trial court considered and rejected appellate counsel's suggestion that she had to blindly prepare the statement of points. The trial court noted that the Franks failed to cooperate with their attorneys during the trial, that the Franks made outbursts and threats throughout the trial, and that new counsel was appointed the day after trial because the Franks were angry with trial counsel about the jury verdict. In immediately appointing new counsel, the trial court secured the assurances of trial counsel that they would be available for consultation by appellate counsel. Appellate counsel conceded that trial counsel did make themselves available and they had access to trial counsel's notes for the hearing. On appeal, there is no indication in this record that conditions beyond their control prevented either appellant from communicating with appellate counsel or from appearing at the hearing. Furthermore, the Department did not move to strike any of the appellants' points for appeal, but addressed each one and provided support for each point. Except for the due process issues, the appellants have left the Department's analysis of the points for appeal unchallenged. Regarding a claim of ineffective assistance, counsel advised

the court "I would agree that today I may not be able to come up with something that I can succinctly tell you that is ineffective assistance of counsel" but argued, "I won't know until I get the entire record as to whether there's anything there." If ineffective assistance of counsel were an arguable point, a record to support the claim should have been made at the motion for new trial hearing while appellate counsel represented the Franks. This requires trial counsel's appearance. The fact that trial counsel did not appear at the hearing on the motion for new trial is some indication that there was no record of ineffectiveness to develop. We will not second guess the trial court when no record of trial counsel's performance and strategy is made.

■■■ The Legislature has the power to restrict and regulate appeals. *See* Tex. Const. art 5, § 6(a). The points for appeal required by Family Code § 263.405 serve to promptly bring reversible error to the attention of the trial court and to assist the trial court in determining whether the appeal is frivolous. *See* Tex. Fam.Code Ann. § 263.405(d). Except for the provisions relating to appointment of counsel, Section 263.405 applies regardless of indigence, thus ameliorating the equal protection concerns that would otherwise be present. Tex. Fam.Code Ann. § 263.405(b), (e); *In the Interests of R.J.S. & M.S.*, 219 S.W.3d 623, 628 (Tex.App.-Dallas 2007, pet. denied).[1] The points are required to preserve error for appeal, but counsel does not have to present a full brief on the merits at the hearing. *See* Tex. Fam.Code Ann. § 263.405(i). The determination of whether an appeal would be frivolous is governed by the well-established principles that apply to indigent parties in civil cases.

---

1. A parent's right to appointed counsel is based solely upon a determination of indigence and is not affected by the trial court's determination that an appeal would be frivolous. *See* Tex. Fam.Code Ann. § 263.405(e).

*See* Tex. Fam.Code Ann. § 263.405(d)(3); Tex. Civ. Prac. & Rem.Code Ann. § 13.001 (Vernon 2002). Thus, to obtain a record for the appeal, the appellant must meet a relatively low hurdle of identifying the points for the appeal; if the Department establishes during the hearing that the appellants have not identified a substantial issue for review, the trial court may determine that an appeal would be frivolous and deny a request for a record. Tex. Fam. Code Ann. § 263.405(f). In this case, the Franks identified numerous evidentiary, charge, and sufficiency issues in the statement of points required by Section 263.405, but on appeal they do not argue that any of those grounds had any merit. Although appellate counsel's task would certainly be easier if she had a full reporter's record of the trial before the hearing occurred, under the circumstances present in this case we cannot conclude that the lack of a record precluded the appellants meaningful participation in the hearing, prevented them from preparing a record to support a claim of ineffective assistance of counsel at trial, or made it impossible for the appellants to meet the Department's arguments that the points for appeal are frivolous.

Balanced against the Legislature's clear intent to quickly determine the status of children in Department custody and the presumption that the process established by the Legislature comports with due process, the private and governmental interests involved and the risk of an erroneous deprivation of parental rights do not compel us to re-write the Family Code to craft a procedure that will make it easier for parents to present their points for appeal. We decline to hold that Family Code § 263.405 is unconstitutional when applied to a parent represented by new counsel for the appeal. Because no due process violation is apparent in this case, and the appellants are not arguing that any other issues

will support the appeal, the judgment is affirmed.

AFFIRMED.

### DISSENTING OPINION

DAVID GAULTNEY, Justice.

An indigent parent's statutory right to counsel in a termination case includes the right to effective assistance of counsel. *In re M.S.,* 115 S.W.3d 534, 544 (Tex.2003). A finding by the trial court that an appeal would be frivolous means the indigent party does not get a trial court record transcribed without cost. *See* Tex. Fam.Code Ann. § 263.405(d)(3) (Vernon Supp. 2007); Tex. Civ. Prac. & Rem.Code Ann. § 13.003(b) (Vernon 2002). Appellate counsel, representing the indigent for the first time after the judgment is signed, and concerned with the sufficiency of the evidence, cannot adequately discharge her duty without the trial record. *See generally Hardy v. United States,* 375 U.S. 277, 279–80, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) (criminal case); *see generally In re M.S.,* 115 S.W.3d at 550 (right to effective assistance of counsel in parental termination cases). A state "may not deny [a person], because of her poverty, appellate review of the sufficiency of the evidence on which the trial court found her unfit to remain a parent." *M.L.B. v. S.L.J.,* 519 U.S. 102, 107, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996).

An indigent party must be afforded a record of sufficient completeness to permit consideration of a factual sufficiency claim. *See generally id.* at 110–12, 117 S.Ct. 555. In my view, the post-judgment record here, in which an attorney summarizes the trial evidence, is not a record of sufficient completeness. A factual sufficiency challenge may appear to be a losing issue based on summaries presented at the post-trial hearing. That assumption carries a risk when the evidence is disputed and the

**308**

appellant's trial attorney was not present to challenge the summary. If appellant's trial attorney had been present at the post-trial hearing in this case, he may have contested any summary he thought was false based on his memory or notes, or provided his own summary. The majority reasonably takes his absence as "some indication that there was no record of ineffectiveness to develop." *See, e.g., In re M.S.,* 115 S.W.3d at 546 (To complain of ineffectiveness of counsel in failing to secure a complete record, there must be a showing of harm.). The Department's brief in this case persuasively argues that any appeal would be frivolous, and that the evidence clearly supports the jury's findings. But, with reason, court reporters are employed to transcribe trial records on disputed facts, appellate courts receive briefs from both parties, and parties are required to include trial record citations in the ordinary appeal. *See generally* Tex. R.App. P. 13.1, 38.1(f),(h), 38.2.

The Texas Constitution provides courts of appeals "conclusive appellate review of all factual sufficiency questions that are properly presented on appeal." *In re M.R.J.M,* 193 S.W.3d 670, 675 (Tex.App.-Fort Worth 2006, no pet.) (citing Tex. Const. art. V, § 6(a); Tex. Gov't Code Ann. § 22.225(a) (Vernon Supp. 2007)). Once the Legislature has granted jurisdiction over an appeal, our constitutionally assigned powers of review control. *See id.* at 676 n.26. Generally a court of appeals reviews evidence to determine whether a factual sufficiency point has merit. *See Id.* at 673–74. A portion of the trial record may also be necessary to review a finding on other issues, for example, a claim that trial counsel provided ineffective assistance at trial. Because section 263.405(g) authorizes courts of appeals to issue "appropriate orders," the statute recognizes the Court's authority to order a record of sufficient completeness to review a trial

court's determination that an appeal point is frivolous. *See* Tex. Fam.Code Ann. § 263.405(g) (Vernon Supp. 2007). For that reason, the statute does not violate the separation of powers provided under the Texas Constitution. *In re M.R.J.M.,* 193 S.W.3d. at 676. And for that reason, the statute may survive an equal protection and due process challenge. *See, e.g., M.L.B.,* 519 U.S. at 107, 119–128, 117 S.Ct. 555. I believe the appropriate order under the circumstances is to require the record of the evidence transcribed and filed. The Family Code authorizes that procedure. *See In re M.R.J.M.,* 193 S.W.3d at 676.