285 S.W.3d 893 (2009)
In the Interest of J.J.W. and J.J.W., Children.
No. 06-09-00030-CV.
Court of Appeals of Texas, Texarkana.
May 19, 2009.
Ebb B. Mobley, Longview, for appellant.
Zan Colson Brown, Asst. Dist. Atty., Longview, for appellee.
Before MORRISS, C.J., CARTER and MOSELEY, JJ.

ORDER
JACK CARTER, Justice.
Appellant, Michael Champion, has filed an appeal from the termination of his parental rights to J.J.W. and J.J.W. The trial court has held this appeal to be frivolous and has held a hearing on the motion for new trial and denied it. Ebb Mobley, appellate counsel, filed a request with this Court for the February 11, 2009, termination proceedings to be transcribed, which the court reporter has not prepared because the trial court found the appeal to be frivolous. Mobley states he cannot prepare a meaningful appeal if he has no record to challenge the trial court's findings and conclusions.
The Tyler Court of Appeals gives an informative outline of the process in its opinion in In re R.D.G.:
Section 263.405 of the Texas Family Code applies to appeals from final orders rendered in parental rights termination suits and imposes strict deadlines for the process. See TEX. FAM. CODE ANN. § 263.405 (Vernon Supp. 2007). A party intending to appeal a final order terminating parental rights must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal. Id. § 263.405(b). An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. Id. § 263.405(i). The trial court must hold a hearing not later than the thirtieth day after the date the final order is signed to determine whether a new trial should be granted, whether *894 a party's claim of indigence should be sustained, and whether the appeal is frivolous as provided by Texas Civil Practice and Remedies Code Section 13.003(b). Id. § 263.405(d). The test for determining if a party is indigent and therefore entitled to a free record is set forth in Section 13.003 of the Texas Civil Practice and Remedies Code and requires, among other things, a finding that the appeal is not frivolous. See TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (Vernon 2002). Therefore, the determination by the trial court that the appeal of the order of termination of parental rights is frivolous has the consequence of denying the indigent parent the right to a free clerk's record and reporter's record of the underlying trial. See TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A).
In re R.D.G., No. 12-07-00322-CV, 2008 WL 2122413, at *1, 2008 Tex.App. LEXIS 3698, at *3-4 (Tex.App.-Tyler May 21, 2008, no pet.) (mem. op.).
At this time, because the trial court has held this appeal to be frivolous, the only record to which appellant is currently entitled is the record of the hearing on the trial court's determination that the appeal is frivolous. TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(a)(2)(A) (Vernon 2002); In re D.M., III, No. 04-08-00264-CV, 2008 WL 4500310, at *2, 2008 Tex.App. LEXIS 7677, at *5 n. 2 (Tex.App.-San Antonio Oct. 8, 2008, no pet.) (mem. op.); R.D.G., 2008 WL 2122413, at *1-2, 2008 Tex.App. LEXIS 3698, at *3-4; In re M.R.J.M., 193 S.W.3d 670 (Tex.App.-Fort Worth 2006, no pet.); see M.C. v. Tex. Dep't of Family & Protective Servs., ___ S.W.3d ___, ___ (Tex.App.-El Paso 2008, no pet. h.); In re A.F., 259 S.W.3d 303 (Tex.App.-Beaumont 2008, no pet.). We overrule appellant's motion to abate appeal.
Section 263.405(g) of the Texas Family Code clearly limits this Court's review at this juncture to the issue of whether this appeal is frivolous. TEX. FAM. CODE ANN. § 263.405(g) (Vernon 2008); D.M., III, 2008 WL 4500310, at *2, 2008 Tex.App. LEXIS 7677, at *5 n. 2; R.D.G., 2008 WL 2122413, at *1-2, 2008 Tex.App. LEXIS 3698, at *3-4; M.R.J.M., 193 S.W.3d 670. Therefore, we limit our briefing request to this issue.
The Court notes that the appellant's brief was due April 28, 2009. The reporter's record of the hearing on the finding that the appeal was frivolous having already been filed, it is ordered that the appellant's brief shall be filed within twenty days of the date of this order. The appellee's brief shall be filed within fifteen days after the appellant's brief is filed.
This is an accelerated appeal pursuant to Section 109.002 of the Texas Family Code and "shall be given precedence over other civil cases and shall be accelerated by the appellate courts." TEX. FAM. CODE ANN. § 109.002 (Vernon 2008). This Court hereby advises the parties that the deadline set forth in this order shall take precedence over any other deadlines which they may currently have in cases pending in this Court (other than mental health commitment, juvenile, or other parental rights termination proceedings). No extensions will be granted.
IT IS SO ORDERED.