NO. 07-09-0137-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 9, 2009

_____

IN THE INTEREST OF M.G., D.G., S.G., E.G., AND R.M., CHILDREN

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,603; HONORABLE KEVIN C. HART, ASSOCIATE JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Harold Gladden, III, challenges an associate judge's March 30, 2009, order terminating his parental rights to his children[1] and appointing Appellee, the Department of Family and Protective Services (the "Department"), as permanent sole

---

[1]Although there are five children the subject of this proceeding, Appellant seeks to appeal that portion of the order pertaining to the termination of his parental rights to M.G., D.G., S.G., and E.G. only. Appellant is not R.M.'s biological father. As to R.M., the rights of the unknown father were terminated and, as to all children, the mother's rights were also terminated. Neither the unknown father nor the mother appeal from the associate judge's termination order.

managing conservator.[2]  By a sole issue, Appellant contends the evidence is legally and factually insufficient to support the trial court's finding that termination of his parental rights to his four children was in their best interest.  The Department contends that this Court is precluded from considering Appellant's issue because he failed to comply with the requirements of Family Code section 263.405.[3]  Agreeing with the Department, we affirm.

## Statement of Points

Section 263.405 of the Texas Family Code[4] provides in relevant part:

> (b) Not later than the 15th day after the date a final order is signed by the trial judge, a party who intends to request a new trial or appeal the order must file with the trial court:
>
> * * *
>
> > (2) if an appeal is sought, a statement of the point or points on which the party intends to appeal.
>
> (b-1)  The statement under Subsection (b)(2) may be combined with a motion for new trial.
>
> * * *

---

[2]Where a request for a de novo hearing before the referring court is not timely filed, the judgment of the associate judge becomes the judgment of the referring court by operation of law without ratification by the referring court.  *See* Tex. Fam. Code Ann. § 201.2041(a) (Vernon 2008).

[3]Tex. Fam. Code Ann. § 263.405 (Vernon 2008).  Unless otherwise indicated, this and all future section references refer to the Texas Family Code.

[4]Recently, some of the requirements of section 263.405(b) and (i) of the Texas Family Code have been the center of controversy.  *See In re J.O.A.*, 283 S.W.3d 336 (Tex. 2009); *In re M.N.*, 262 S.W.3d 799 (Tex. 2008).  *See also In re S.N.*, __ S.W.3d __, No. 11-08-002930CV, 2009 WL 2209863, at * 3-5 (Tex.App.–Eastland July 23, 2009, no pet.) (not yet released for publication); *In re S.N.*, 287 S.W.3d 183 (Tex.App.–Houston [14th Dist.] 2009, no pet.);  *In re D.W.*, 249 S.W.3d 625 (Tex.App.–Fort Worth), pet. denied, 260 S.W.3d 462 (Tex. 2008); *In re A.F.*, 259 S.W.3d 303 (Tex.App.–Beaumont 2008, no pet.); *In re M.C.T.*, 250 S.W.3d 161 (Tex.App.–Fort Worth 2008, no pet.).

2

(i) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

The trial court's termination order, signed on March 30, 2009, found that Appellant had (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger their physical or emotional well-being,[5] (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children,[6] and (3) knowingly engaged in criminal conduct that has resulted in the father's conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the date of filing the petition.[7] The order of termination also found that termination of the parent-child relationship was in the children's best interest. The following day, without filing a motion for new trial, Appellant filed a pro se notice of appeal in which he "disagree[d] with statement of points" and set forth the following claims:

[Appellant] was incarcerated during the pendency of this suit and followed all the requests in his "service plan."

Evidence established that [Appellant] is eligible for parole and this is not a Section 42.12(3)(g) offense.

---

[5] *See* Tex. Fam. Code Ann. §161.001(1)(D) (Vernon 2008).

[6] *See* Tex. Fam. Code Ann. §161.001(1)(E) (Vernon 2008).

[7] *See* Tex. Fam. Code Ann. §161.001(1)(Q) (Vernon 2008).

3

[Termination] goes against the testimony adduced in that [Appellant] has participated in prison activities equivalent to the "service plan" and parental duties.

Texas Government Code § 508.145(f) indicated that inmate is eligible for release when actual calendar time plus good time equals one-fourth of the sentence. [Appellant] was incarcerated on May 27, 2007, and was before the parole board in June, 2008.

### Statement of Points Contained Within Notice of Appeal

The Department argues that section 263.405 is clear and unambiguous and does not provide for the filing of a statement of points in combination with a notice of appeal. Elaborating on that argument, it disagrees with this Court's opinion considering points raised in a notice of appeal in *In re S.B.R.*, No. 07-08-00421-CV, 2009 WL 1677836, at *5 n.7 (Tex.App–Amarillo 2009, no pet.).

We conclude that it is unnecessary for us to determine whether the filing of a statement of points in combination with a notice of appeal, under the facts of this case, complies with the requirements of section 263.405. This is so for two reasons: (1) the trial court construed Appellant's notice of appeal as a motion for new trial and a statement of points may be combined with a motion for new trial; and (2) resolution of that issue is not necessary to our disposition of Appellant's appeal.

One of the purposes of requiring points for appeal is to promptly bring reversible error to the trial court's attention. *In re A.F.*, 259 S.W.3d 303, 306 (Tex.App.–Beaumont 2008, no pet.). The goal of section 263.405 is to decrease post-judgment delays when

4

children are under the Department's care. *In re M.N.*, 262 S.W.3d 799, 803 (Tex. 2008). However, the Legislature intended section 263.405(b) and (i) to yield just, fair, and reasonable results within the legislative goal of obtaining expedited disposition of appeals. *Id.*

Notwithstanding that Appellant included his points for appeal in his notice of appeal, the record reflects that the points were "presented" to the trial court for consideration.[8] The trial court held a hearing and signed an order entitled "*Corrected Order on Motion for New Trial and Notice of Appeal*," which recites in part "The Motion for New Trial of this cause filed by Respondent [Appellant] is hereby DENIED." Thus, the trial court construed Appellant's notice of appeal combined with a statement of points as a motion for new trial. Under the facts presented in this particular case, we conclude the intent of section 263.405 to expeditiously resolve termination cases was not thwarted by the trial court's consideration of Appellant's statement of points.

However, even if we were to construe the statements contained within Appellant's notice of appeal as a statement of points for purposes of section 263.405, nothing contained within that document can be construed as contesting the legal or factual sufficiency of the evidence to support the decision that termination was in the children's

---

[8]Section 263.405(i) provides that issues in a statement of points be specifically "presented" to the trial court.

best interest.[9]  Inasmuch as the issue being raised by Appellant on appeal was not presented to the trial court, nothing has been preserved for appeal. *See* Tex. Fam. Code Ann. § 263.405(i); *In re R.C.,* 243 S.W.3d 674, 676 (Tex.App.–Amarillo 2007, no pet.).

Consequently, Appellant's issue is overruled and the trial court's order terminating his parental rights is affirmed.


Patrick A. Pirtle
Justice


Campbell, J., concurring.

---

[9]Given the constitutional dimension of parental rights, *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985), an appellate court should construe pleadings in a generous manner and with less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).