NO. 07-09-0137-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 9, 2009

______________________________


IN THE INTEREST OF M.G., D.G., S.G., E.G., AND R.M., CHILDREN

_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,603; HONORABLE KEVIN C. HART, ASSOCIATE JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Harold Gladden, III, challenges an associate judge’s March 30, 2009,
order terminating his parental rights to his children


 and appointing Appellee, the
Department of Family and Protective Services (the “Department”), as permanent sole
managing conservator.


 By a sole issue, Appellant contends the evidence is legally and
factually insufficient to support the trial court’s finding that termination of his parental rights
to his four children was in their best interest. The Department contends that this Court is
precluded from considering Appellant’s issue because he failed to comply with the
requirements of Family Code section 263.405.


 Agreeing with the Department, we affirm.
     Statement of Points
          Section 263.405 of the Texas Family Code


 provides in relevant part:
(b) Not later than the 15th day after the date a final order is signed by the trial
judge, a party who intends to request a new trial or appeal the order must file
with the trial court:
* * *
(2) if an appeal is sought, a statement of the point or points on
which the party intends to appeal.
(b-1)The statement under Subsection (b)(2) may be combined with a
motion for new trial.
* * *
(i) The appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of points on which the
party intends to appeal or in a statement combined with a motion for new
trial. For purposes of this subsection, a claim that a judicial decision is
contrary to the evidence or that the evidence is factually or legally insufficient
is not sufficiently specific to preserve an issue for appeal. 
 
          The trial court’s termination order, signed on March 30, 2009, found that Appellant
had (1) knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endanger their physical or emotional well-being,


 (2) engaged in
conduct or knowingly placed the children with persons who engaged in conduct which
endangered the physical or emotional well-being of the children,


 and (3) knowingly
engaged in criminal conduct that has resulted in the father’s conviction of an offense and
confinement or imprisonment and inability to care for the children for not less than two
years from the date of filing the petition.


 The order of termination also found that
termination of the parent-child relationship was in the children’s best interest. The following
day, without filing a motion for new trial, Appellant filed a pro se notice of appeal in which
he “disagree[d] with statement of points” and set forth the following claims: 
[Appellant] was incarcerated during the pendency of this suit and followed all
the requests in his “service plan.”
Evidence established that [Appellant] is eligible for parole and this is not a
Section 42.12(3)(g) offense.
[Termination] goes against the testimony adduced in that [Appellant] has
participated in prison activities equivalent to the “service plan” and parental
duties.
Texas Government Code § 508.145(f) indicated that inmate is eligible for
release when actual calendar time plus good time equals one-fourth of the
sentence. [Appellant] was incarcerated on May 27, 2007, and was before
the parole board in June, 2008. 
 
Statement of Points Contained Within Notice of Appeal
          The Department argues that section 263.405 is clear and unambiguous and does
not provide for the filing of a statement of points in combination with a notice of appeal. 
Elaborating on that argument, it disagrees with this Court’s opinion considering points
raised in a notice of appeal in In re S.B.R., No. 07-08-00421-CV, 2009 WL 1677836, at *5
n.7 (Tex.App–Amarillo 2009, no pet.).
          We conclude that it is unnecessary for us to determine whether the filing of a
statement of points in combination with a notice of appeal, under the facts of this case, 
complies with the requirements of section 263.405. This is so for two reasons: (1) the trial
court construed Appellant’s notice of appeal as a motion for new trial and a statement of
points may be combined with a motion for new trial; and (2) resolution of that issue is not
necessary to our disposition of Appellant’s appeal. 
          One of the purposes of requiring points for appeal is to promptly bring reversible
error to the trial court’s attention. In re A.F., 259 S.W.3d 303, 306 (Tex.App.–Beaumont
2008, no pet.). The goal of section 263.405 is to decrease post-judgment delays when
children are under the Department’s care. In re M.N., 262 S.W.3d 799, 803 (Tex. 2008). 
However, the Legislature intended section 263.405(b) and (i) to yield just, fair, and
reasonable results within the legislative goal of obtaining expedited disposition of appeals. 
Id. 
          Notwithstanding that Appellant included his points for appeal in his notice of appeal,
the record reflects that the points were “presented” to the trial court for consideration.


 The
trial court held a hearing and signed an order entitled “Corrected Order on Motion for New
Trial and Notice of Appeal,” which recites in part “The Motion for New Trial of this cause
filed by Respondent [Appellant] is hereby DENIED.” Thus, the trial court construed
Appellant’s notice of appeal combined with a statement of points as a motion for new trial. 
Under the facts presented in this particular case, we conclude the intent of section 263.405
to expeditiously resolve termination cases was not thwarted by the trial court’s
consideration of Appellant’s statement of points. 
          However, even if we were to construe the statements contained within Appellant’s
notice of appeal as a statement of points for purposes of section 263.405, nothing
contained within that document can be construed as contesting the legal or factual
sufficiency of the evidence to support the decision that termination was in the children’s
best interest.


 Inasmuch as the issue being raised by Appellant on appeal was not
presented to the trial court, nothing has been preserved for appeal. See Tex. Fam. Code
Ann. § 263.405(i); In re R.C., 243 S.W.3d 674, 676 (Tex.App.–Amarillo 2007, no pet.).
          Consequently, Appellant’s issue is overruled and the trial court’s order terminating
his parental rights is affirmed.




                                                                           Patrick A. Pirtle

                                                                                 Justice





Campbell, J., concurring.