**In the Interest of A.S.**

**No. 09–07–236 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 13, 2007.

Decided Oct. 11, 2007.

---

Anne Pickle, Jasper, for appellants.

Gerry Williams, TDFPS General Counsel, Michele L. Surratt, Special Litigation Atty. TDFPS, Lubbock, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The trial court terminated the parental rights of Jewelie Perkins and Jerry Don Scott, Jr. to their child, A.S. Appointed appellate counsel filed a motion for new trial and statement of points of appeal for both Perkins and Scott. Only Scott filed an affidavit of indigence. The trial court found Perkins neither established her indigence nor presented a substantial question for appellate review. The trial court found that Scott did establish his indigence but that an appeal would be frivolous. The clerk's record and a reporter's record of the hearing have been filed. Scott filed a brief in which he argues we should order the court reporter to transcribe the record of the trial before we determine if the appeal is frivolous.[1] We hold that an appeal would be frivolous and affirm the trial court's order. Because no substantial question is presented for review, we affirm the judgment.

A.S. was born October 16, 2005. The trial court ordered the Texas Department of Family and Protective Services to take possession of the child after the Department submitted an affidavit that the child tested positive for cocaine and Xanax at birth and experienced active withdrawal. The Department petitioned to terminate Perkins's and Scott's parental rights on multiple grounds. *See* TEX. FAM.CODE ANN. § 161.001(1)(E),(N),(O) and ® (Vernon Supp.2006). After a jury trial, the trial court terminated Perkins's and Scott's parental rights. *See* TEX. FAM.CODE ANN. § 161.001(1)(E),(N),(O) and ® (Perkins); § 161.001(1)(E),(N) and (O) (Scott).

■ In their statements of points for appeal, Perkins's and Scott's appellate counsel identified each of the grounds for termination as the subject of an issue of legal and factual sufficiency. Perkins did not personally appear for the trial and did not file an affidavit of indigence. During the hearing on the points for appeal, the Department's counsel referred to testimony regarding Perkins's mental illness and drug abuse during pregnancy. Perkins's counsel did not identify any evidence adduced at trial that would support an appellate challenge to the grounds for terminating Perkins's parental rights.[2] Evidence that Perkins abused controlled substances while pregnant will support a finding of child endangerment. *Cervantes–Peterson*

1. Although we permitted the appellants to file briefs, no briefs are required for appellate review of the trial court's order in indigence. *See* TEX. FAM.CODE ANN. § 263.405(g) (Vernon Supp.2006). As permitted by Section 263.405(g), we consider the appeal without requiring a brief from Perkins.

2. The trial court noted that the ruling on indigence would apply to Perkins's right to an appointed attorney, but the record does not include an order allowing counsel to withdraw.

*v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 253 (Tex.App.-Houston [1st Dist.] 2006, no pet.). Perkins did not file an affidavit of indigence for the appeal and did not identify any evidence from the trial that would support the issues identified in her statement of points for appeal. We hold the trial court did not err in finding that Perkins did not establish indigence and that Perkins has not presented a substantial question for appellate review.

During the hearing on the statement of points for appeal, Scott's counsel argued that due process requires a reporter's record be prepared. On appeal, Scott contends due process requires that the reporter's record be filed before we review the trial court's ruling that Scott is not entitled to a free record. *See In the Interest of M.R.J.M.*, 193 S.W.3d 670, 674 (Tex.App.-Fort Worth 2006, no pet.). The Department argues that Scott waived his due process argument by failing to include it in his statement of points for appeal. We disagree with the State's argument regarding waiver. The statement of points for appeal required by Section 263.405(b) refers to the merits of the appeal, not to issues relating to the hearing required by Section 263.405(d). *See* TEX. FAM.CODE ANN. § 263.405(b), (d) (Vernon Supp.2006).

■ Determining what process is due in a particular proceeding requires consideration of three factors: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting use of the challenged proceeding; and (3) the risk of an erroneous deprivation of that interest due to the procedures used. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). "One of the legislature's goals in enacting chapter 263 is to obtain a permanent home for a child under [Department] care as quickly as possible."

*In re R.J.S.*, 219 S.W.3d 623, 628 (Tex.App.-Dallas 2007, pet. denied). In *In the Interest of B.L.D.*, the Supreme Court held that rules governing error preservation for sufficiency review in a termination proceeding do not deprive a parent of due process. *In the Interest of B.L.D.*, 113 S.W.3d 340, 354 (Tex.2003). On the other hand, counsel's unjustifiable failure to preserve a sufficiency issue for review may deprive a parent of due process. *In the Interest of M.S.*, 115 S.W.3d 534, 548 (Tex. 2003). Here, the issue is whether limiting the scope of our review to the record of the hearing held under Family Code § 263.405(d), as clearly contemplated by the legislature, deprives the parent of due process, particularly when new counsel has been appointed since trial.

The legislature created a process in which the terminated parent, with benefit of counsel, may identify the issues for appellate review and identify the evidence supporting the issues. *See* TEX. FAM.CODE ANN. § 263.405. Scott's counsel argued that the statute was unfair because that attorney did not attend the trial. Counsel acknowledged that she had spoken with trial counsel, who advised her on the issues for the appeal, and with Scott, who testified at the post-trial hearing. Thus, Scott's counsel was not compelled to blindly guess what issues to include in the statement of points and what evidence had been developed at trial, but could determine the potential issues and describe for the record the evidence germane to the stated issues. From the record of the hearing on the statement of points, we can discern both the State's allegations and evidence supporting the grounds for termination and the evidence supporting Scott's arguments on his appellate issues.

The Department's counsel referred to evidence that would support the judgment, as follows: (1) Scott abused illegal drugs

with Perkins during her pregnancy; (2) Scott was aware of Perkins's mental illness and did not attempt to help her get treatment during her pregnancy; (3) following the birth of A.S., Scott continued to use illegal drugs although he was on parole from a life sentence; (4) the one time Scott visited A.S. while A.S. was in Department custody, he failed a drug screen; (5) Scott told the Department worker that he would not visit the child because the Department required a drug screen and his parole officer would receive notice when he failed the drug screen; (6) based in part upon his conviction for two more crimes, Scott's parole was revoked when A.S. was five months old; (7) Scott failed to establish that he had a suitable residence for the child; and (8) Scott did not secure a relative who would care for the child during Scott's incarceration. At the hearing, Scott conceded that he does not have a relative who could take immediate possession of A.S. but testified that he believed he would be released from prison in February 2008. According to Scott, he could not provide a suitable home for A.S. because the child's birth occurred soon after Hurricane Rita caused him to be financially disadvantaged. Scott also claimed that at the time of removal he had relatives who could have taken A.S. in but that the Department placed the child with one of Perkins's relatives instead. Scott did not find employment, as required by the service plan, because he was under a doctor's care at the time. Scott also testified that he was familiar with caring for children because he had been around nieces and nephews.

■ The evidence described in the hearing does not present a substantial question for appellate review. The Department described evidence that would support its alleged grounds for termination. Scott did not identify evidence from the trial that would arguably support an argument that the jury could not reasonably have formed a firm belief or conviction as to the truth of the allegations. It would serve no useful purpose to further delay the resolution of this appeal and to leave A.S.'s future in limbo so that a reporter's record could be prepared when that record will not show that Scott completed the plan for reunification or that Scott or someone acting in his stead is presently able to raise A.S. Scott has not shown that due process requires that we order the court reporter to prepare and file the reporter's record of the entire trial before we review the trial court's ruling that an appeal would be frivolous. We hold that in the circumstances presented in this appeal the trial court did not err in ruling that Scott is not entitled to a free reporter's record.

No substantial issue is presented for appellate review. The judgment is affirmed.

AFFIRMED.

DAVID GAULTNEY, Justice
dissenting.

In a unanimous en banc opinion, the Second Court of Appeals in *In re M.R.J.M.*, 193 S.W.3d 670 (Tex.App.-Fort Worth 2006, no pet.) wrote:

Under the Texas Constitution, the courts of appeals have been granted the power to conduct conclusive appellate review of all factual sufficiency questions that are properly presented on appeal. In cases where an indigent appellant timely files a statement of points complaining that the evidence is factually insufficient to support a termination finding, and challenges on appeal the trial court's determination that an appeal raising such a complaint is frivolous, this constitutionally assigned power requires us to review all of the evidence to determine whether a substantial

question exists as to whether the termination finding is supported by factually sufficient evidence. The legislature cannot take away this power or interfere with our exercise of it. Any attempt to do so would be null and void.

*Id.* at 675–76. That Court ordered a reporter's record of the evidence prepared. This Court should do the same. Because the statute authorizes courts of appeals to issue "appropriate orders," the statute recognizes the Court's authority to order a record of all of the evidence when necessary to review a trial court's determination that an appeal raising a factual sufficiency point is frivolous. *See* TEX. FAM.CODE ANN. § 263.405(g) (Vernon Supp.2006). For that reason, the statute is not unconstitutional under the separation of powers clause of the Texas Constitution. *In re M.R.J.M.*, 193 S.W.3d. at 676. The "appropriate order" under the circumstances is to require the record of the evidence transcribed and filed. An appellate court cannot determine whether a factual sufficiency issue is frivolous without reviewing the evidence.

The Texas Supreme Court has emphasized that "[t]ermination of parental rights is traumatic, permanent and irrevocable.... For this reason, any significant risk of erroneous deprivation is unacceptable." *In re M.S.*, 115 S.W.3d 534, 549 (Tex.2003). The factual sufficiency challenge may be assumed to be a losing issue based on the summaries presented at the post-trial hearing. The assumption carries an unacceptable risk when the evidence is disputed. The Department's arguments may seem strong in this or in the next case. But can appellate counsel, competent as she is, adequately challenge a frivolous finding on a factual sufficiency issue without access to a reporter's record? *See, e.g., Hardy v. United States,* 375 U.S. 277, 279–80, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) (New counsel representing indigent defendant in criminal appeal could not adequately discharge his duty without having the entire transcript available for his reading.).

When the appeal is from the trial court's determination that the sufficiency complaint is frivolous, section 263.405 should be construed in a way that allows review of the evidentiary record to determine factual sufficiency. *In re M.R.J.M.*, 193 S.W.3d at 676. Because the Court does not order the reporter's record of the evidence presented at trial, and does not review the trial record in determining that the factual sufficiency complaint is frivolous, I respectfully dissent.