**In the Interest of J.B.**

**No. 09–08–046 CV.**

Court of Appeals of Texas, Beaumont.

Submitted June 30, 2008.

Decided July 17, 2008.

Anita F. Provo, Glen Crocker, Beaumont, for appellants.

Suzanne M. Wohleb, Assistant District Atty., Beaumont, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is an appeal from the trial court's judgment terminating the parental rights of Marlo Denise Williams and Dontreal Brooks to their minor child, J.B. We affirm.

J.B. was born on July 27, 2004. Texas Department of Family and Protective Services ("the Department") petitioned the trial court to terminate the parental rights of Williams and Brooks on multiple grounds. After conducting a hearing that concluded on January 22, 2008, the trial court found that both Williams and Brooks had constructively abandoned J.B. to the State and had failed to perform the necessary actions to obtain return of J.B. pursuant to a prior order. The trial court further found that Brooks had engaged in criminal conduct that resulted in his incarceration and inability to care for J.B. for at least two years. The trial court found that termination of both parents' parental rights was in J.B.'s best interest and terminated the parental rights of Williams and Brooks.

Williams filed a document entitled "Motion for New Trial[,] Statement of Appellate Points[, and] Request for Indigency Hearing," in which she argued that the trial court abused its discretion in failing to grant her motion for continuance, which was based on her failure to attend the hearing, and that the evidence was legally and factually insufficient to support the trial court's determination that she constructively abandoned J.B. to the State. Her statement of appellate points did not challenge the trial court's finding that she had

failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child(ren) who has/have been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services for not less than nine months as a result of the child(ren)'s removal from the parent under Chapter 262 for the abuse or neglect of the child(ren)[.]

On February 19, 2008, the trial court conducted a hearing on the motion for new trial. Both Williams's counsel and Brooks's counsel appeared at the hearing. Brooks, who is incarcerated, testified by telephone. In addition, Brooks's counsel argued that the evidence was legally and factually insufficient to show that termination was in J.B.'s best interest; that there was no evidence that Brooks had impaired J.B.'s physical or emotional development; that he was a danger to J.B.; that he had abused J.B.; or that he would impair or endanger J.B. when he was released from prison. Williams did not appear and did not file an affidavit of indigence.

After hearing the arguments of counsel, the trial court denied Williams's claim of indigence and found that her statement of appellate points lacked merit. Brooks testified that he is incarcerated, that he could not afford to pay for the appeal, and he requested that the Court appoint an attorney for him and waive all costs of the appeal. The trial court denied Brooks's claim of indigence and found that his appellate points lacked merit.

On February 22, 2008, the trial court entered an order, in which it found that Williams was not indigent because she was not present at the hearing, and she pro-

duced no evidence of indigence. The trial court also found in its order that "Dontreal Brooks did not provide sufficient evidence of his claim of indigence; therefore [he] is not found to be indigent." Finally, the trial court found that both Williams's and Brooks's statements of appellate points lacked merit. On March 12, 2008, Brooks filed an affidavit of inability to pay costs of appeal, in which he averred that he has no income from any source, is presently incarcerated, owns no real or personal property, has no cash or other money on deposit, has no other assets, and has no knowledge of any other source from which he could obtain funds to pay for counsel. Both Brooks and Williams filed notices of appeal.

On April 10, 2008, we informed the parties by letter of the date the appellants' briefs were due, and we also informed the parties that the Court would presume that any non-responsive party or parties did not contest the trial court's ruling. Brooks's attorney filed a response by letter, in which counsel stated that Brooks desired to appeal the trial court's order and asserted that Brooks is indigent; however, the letter did not state the grounds for Brooks's appeal or provide any authorities or record references. Williams did not file a response. The Department filed a response by letter. We now consider this appeal pursuant to section 263.405(g) of the Family Code. *See* Tex. Fam.Code Ann. § 263.405(g) (Vernon Supp.2007) ("The appellate court shall review the records and may require the parties to file appellate briefs on the issues presented, but may not hear oral argument on the issues. The appellate court shall render appropriate orders after reviewing the records and appellate briefs, if any.").

■ At the hearing on the motion for new trial, counsel for the Department asked the trial court to take judicial notice of the evidence adduced at the termination hearing, as well as of Williams's absence from the hearing on the motion for new trial. Counsel also stated on the record that the Department had repeatedly tried to contact Williams by letter and by telephone, but "it's been quite some time" since Williams contacted the Department, and counsel stated, "[c]learly, there was sufficient evidence as to constructive abandonment and also failure to comply with the terms of her planned service." Counsel for the Department also explained that at the termination hearing, Williams did not produce any evidence to controvert the Department's evidence that she had failed to comply with the planned service ordered by the trial court, as set forth in the report from Court–Appointed Special Advocates ("CASA"). In addition, Williams's counsel indicated that he was unable to contact his client because her telephone number was no longer a working telephone number.

Brooks testified that he was currently incarcerated, and that he had been incarcerated for more than two years since the Department became involved with J.B. Brooks testified that he had not done anything to harm his son, and that because of his incarceration, he was unable to participate in the service plan. In addition, Brooks testified that he did not have any family members willing to care for J.B. who had been able to provide the information required by the Department. Therefore, the evidence described at the motion for new trial hearing supports the grounds for termination as to both Williams and Brooks. *See* Tex. Fam.Code Ann. § 161.001(N), (O), (Q) (Vernon Supp.2007). In addition, said evidence supports the trial court's determination that termination of both parents' parental rights was in the best interest of J.B. *See* Tex. Fam.Code Ann. § 161.001(2) (Vernon Supp.2007).

The trial court did not err in determining that appeals by Williams and Brooks would be frivolous. Accordingly, because neither Williams nor Brooks presented a substantial question for appellate review, we affirm the trial court's judgment.

AFFIRMED.

DAVID GAULTNEY, Justice, dissenting.

The appellant-father is imprisoned. His testimony by telephone at the post-trial hearing and his late-filed subsequent affidavit indicate he is indigent. By statute, an indigent parent has a right to counsel in these proceedings. *See* TEX. FAM.CODE ANN. §§ 107.013(a)(1), 263.405(e) (Vernon Supp.2007); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex.App.-Tyler 2001, no pet.). The trial judge stated on the record at the post-trial hearing that he was discharging appellant's attorney, but the clerk's record does not contain an order allowing trial counsel to withdraw as attorney of record. The procedures to be followed in a parental rights termination case are accelerated. *See In re H.R.* 87 S.W.3d 691, 701–03 (Tex.App.-San Antonio 2002, no pet.). "[T]he practical effect is that it places an appellant's trial counsel in the position of being appellate counsel because it is this attorney who will undertake the required steps to preserve their client's appellate rights." *Id.* at 703. Generally, the trial court should not discharge counsel before the abbreviated appeal of the section 263.405 findings. Of course, there will be circumstances where different counsel is required for the appeal. By letter, this Court notified counsel of the due date for appellant's brief, and informed counsel that if the Court did not receive a brief or other response, the Court would presume the trial court's post-trial findings were not contested. We received from counsel a letter forwarding an affidavit of indigency, and stating that the appellant "would like" to appeal the order on the section 263.405 hearing. I believe under the circumstances this Court should require briefing—by some counsel representing appellant—on the trial court's findings under section 263.405. *See* TEX. FAM.CODE ANN. § 263.405. I respectfully dissent.