**In the Interest of M.L.B.**

**No. 09–08–202 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 20, 2008.

Decided Oct. 30, 2008.

Pattie J. Nolan, Conroe, for appellant.

David K. Walker, County Atty., Amy Atkinson, Preston Findlay, Asst. County Attys., Conroe, for appellees.

Terri Mendez, for Azelda Frank.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The trial court terminated the parental rights of Jennifer Warnke to her child, M.L.B. Appointed trial counsel filed a motion for new trial and statement of points for appeal. The trial court found that an appeal would be frivolous and appointed new counsel to represent Warnke on appeal. The clerk's record and a reporter's record of the hearing have been filed. On appeal, Warnke argues subsections (b) and (i) of Section 263.405 of the Texas Family Code deprive her of due process. First, she argues that the denial of a free transcript to an indigent appellant prevents the appellant from pursuing a meaningful appeal. Second, she argues it violates due process for a trial transcript to be unavailable for the appellant and the appellate court in reviewing the trial court's finding that an appeal would be frivolous. We hold that the appellant failed to establish a deprivation of her due process rights. Because no substantial question is presented for review, we affirm the judgment.

In her statements of points for appeal, Warnke identified the following issues for appeal: (1) legal and factual insufficiency of the evidence that Warnke engaged in conduct that endangered the child's physical or emotional well-being; (2) legal and factual insufficiency of the evidence that Warnke allowed the child to remain in conditions that endangered the child's physical or emotional well-being; (3) legal and factual insufficiency of the evidence that Warnke failed to comply with the provisions of a court order that specifically established the actions necessary to obtain return of the child; (4) legal and factual insufficiency of the evidence that Warnke constructively abandoned the child in Department custody; (5) legal and factual insufficiency of the evidence that Warnke used a controlled substance in a manner that endangered the health and safety of the child and, after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance; (6) legal and factual insufficiency of the evidence that termination is in the best interest of the child; (7) that subsections (b) and (i) of the Family Code § 263.405 violate state and federal due process, procedural due process, and equal protection; (8) that subsections (b) and (i) of the Family Code § 263.405 violate state and federal due process, procedural due process, and equal protection, if the failure to file points for appeal is jurisdictional; (9) that subsections (b) and (i) of the Family Code § 263.405 violate state and federal due process, procedural due process, and equal protection by not protecting the parents' rights in bringing forth ineffective

assistance of counsel claims; (10) that Warnke had a meritorious defense; (11) that granting a new trial would not harm the Department; and (12) that justice requires a new trial. As to most of the stated points on appeal, Warnke also stated that counsel's failure to preserve the issue constituted ineffective assistance of counsel.

On appeal to this Court, Warnke argues only those points for appeal that challenge the constitutionality of subsections (b) and (i) of the Family Code § 263.405 on grounds of due process. Warnke argues that due process requires that appellate counsel have access to a reporter's record of the trial before filing the brief. She also argues that the appellate court must review the record of the trial before it may determine if the trial court erred in ruling that any appeal by Warnke would be frivolous. Furthermore, she complains that the trial court erred in issuing a blanket issue as to all of her points for appeal and failing to make findings or otherwise explain how each point was lacking in either law or fact.

■ The trial court conducted the hearing required by the Family Code. *See* Tex. Fam.Code Ann. § 263.405(d) (Vernon Supp. 2008). At the hearing, the Department described the evidence relating to each of the points for appeal and presented an argument for why each ground would be frivolous. Trial counsel described the evidence relevant to each of the points for appeal and presented argument as to why each ground would be arguable. The Department initiated removal because the child tested positive for controlled substances at birth. At trial, Warnke admitted she took alprazolam and cocaine during her pregnancy. Counsel argued that Warnke's points regarding the various endangerment grounds were not frivolous because Warnke also testified that she was

unaware that her drug use would harm her unborn child. Although Warnke had a long history of drug abuse, knew she was pregnant at the time, and knew she consumed the controlled substances, counsel argued Warnke did not knowingly engage in conduct that endangered the child's well-being or allow the child to remain in conditions or surroundings that endangered the child's well-being because she was unaware that her drug use would be harmful.

The evidence at trial showed that Warnke completed a ninety-day rehabilitation program, but after completing the program, she obtained a prescription for alprazolam and was arrested with alprazolam in her possession. Warnke missed multiple drug tests and failed to submit to a hair follicle test. Counsel argued that the evidence that Warnke obtained a prescription and had the drug in her possession was not clear and convincing evidence that she continued to abuse a controlled substance by actually ingesting the drug.

■ Warnke had a history of drug abuse; therefore, she must have been aware that the substances would have some effect, even if from her perspective the effect was not a deleterious one. The issue is whether Warnke engaged in conduct that endangered her child, not whether Warnke knowingly injured the child. Drug use during pregnancy can support a charge that the mother has engaged in conduct that endangers the physical and emotional welfare of the child. *Dupree v. Tex. Dep't of Protective and Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex.App.-Dallas 1995, no writ). Therefore, it is not arguable that the Department failed to establish grounds for termination.

■ During the hearing on the points for appeal, counsel declined to present or argue allegations of ineffective assistance

of counsel because, as trial counsel, she would have a conflict of interest. Only failure to preserve sufficiency issues was mentioned as a possible ground for a claim of ineffective assistance. As the appeal is from a bench trial, counsel was not required to file a motion for new trial to preserve error. *See* Tex.R. Civ. P. 324(a), (b); Tex.R.App. P. 33.1(d). By including the legal and factual sufficiency issues in the points for appeal, counsel satisfied the preservation requirement of Section 263.405(i) of the Family Code. *See* Tex. Fam.Code Ann. § 263.405(i) (Vernon Supp. 2008). The points for appeal relating to ineffective assistance of counsel are not arguable.

Regarding whether termination would be in the best interest of the child, the Department identified evidence from the trial that: (1) the attorney ad litem made a recommendation for termination; (2) the child did not have any special needs; (3) the child had been placed in danger through the drug use, criminal behavior, and instability of the parents; (4) the mother lacked parenting ability; (5) the family service plan included drug rehabilitation; (6) the Department's goal was unrelated adoption; (6) the child's needs had been met in foster care and the mother had a proposal for placement; (7) the mother had not formed a relationship with the child; (8) the mother had not met the service plan; and (9) the mother chose not to take advantage of the service plan.

Counsel for Warnke conceded that the child may not have bonded with the mother but attributed that to the child's tender age. In her brief to this Court, Warnke does not argue that the Department's evidence regarding the best interest of the child would not support the judgment.

■ Warnke argues that without a copy of the record, counsel cannot determine whether the points for appeal raise a substantial question of law or fact, and the appellate court cannot determine whether the trial court's finding is supported by the record. There is a record of the hearing on the points of appeal, however, and trial counsel was present at that hearing and was able to identify the issues and the evidence relating to each issue. The trial court's findings are supported by the record of the post-trial hearing. *See In the Interest of A.S.*, 239 S.W.3d 390, 393 (Tex. App.-Beaumont 2007, no pet.).

■ The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In determining whether an individual received due process, we consider: (1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used, and the probable value, if any, of additional or substitute safeguards; and (3) the government's interest, including the function involved and the burdens the additional or substitute procedural requirement would entail. *Id.* at 335, 96 S.Ct. 893. We weigh those factors against the presumption that the process enacted by the Legislature is a constitutional one. *In the Interest of B.L.D.*, 113 S.W.3d 340, 352 (Tex.2003).

■ The private interest affected is a parent's fundamental liberty interest in the care, custody, and control of her children. *Troxel v. Granville*, 530 U.S. 57, 65–66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). The State bears an interest in promoting the welfare of the children and shares the parent's interest in an accurate and just decision. *Santosky v. Kramer*, 455 U.S. 745, 766, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The State also has a strong interest in ensuring that "children's lives are not held in limbo while judicial

processes crawl forward[.]" *B.L.D.*, 113 S.W.3d at 353.

■ When a State provides a trial-court-level hearing, due process does not require the State to provide for an appeal. *See Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956). If the State does provide for an appeal, as a matter of equal protection the State cannot deprive an appellant of an appeal based solely upon her inability to pay costs. *See id.* at 18–19, 76 S.Ct. 585; *see id.* at 23, 76 S.Ct. 585 (Frankfurter J., concurring). Section 263.405 of the Family Code applies regardless of ability to pay, and the restrictions on the appellate court's ability to grant an extension of time for filing the record apply regardless of the parent's ability to pay for the record. *See* Tex. Fam.Code. Ann. § 263.405. Because the impact of the statute is not contingent on Warnke's ability to pay, the procedure created by Section 263.405 does not raise the equal protection concerns that arise when the State dismisses an appeal solely because of the parent's inability to pay for the record. *See generally M.L.B. v. S.L.J.,* 519 U.S. 102, 120, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996).

In this case, the appellant was not denied a record because she could not pay for it; rather, she was denied a record of the trial because any appeal would be frivolous. To protect her from an erroneous ruling that her appeal was frivolous, the appellant was provided with appointed counsel both at trial and on appeal, was provided with a hearing at which a record could be developed regarding the points for appeal, and was provided with a record of that post-trial hearing. *See* Tex. Fam. Code Ann. § 263.405. The statutory procedure provides a safeguard against the risk of erroneous deprivation of parental rights.

The preparation of a full record of the trial would provide a better safeguard against an erroneous deprivation of parental rights. Although the State has an interest in making the process as economical as possible, the cost of the record is not significant enough to overcome the private interest involved. *See Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 28, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (appointment of counsel). The compelling concern involved here is the delay in resolving the children's futures while a record is prepared and briefs are filed. *See A.S.,* 239 S.W.3d at 392–93. Although such a delay unquestionably is necessary when the parent has substantial issues to appeal, there is no compelling reason for a delay in a case in which the parent's issues are demonstrably frivolous. The appellant is thereby deprived of a frivolous appeal, not a meaningful one.

■ During the hearing, counsel for Warnke argued that due process requires at least preparation of a record and an *Anders* brief. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Unlike an appeal from a criminal conviction, the accelerated procedure created by the Legislature for termination cases is designed to meet the goal of providing the child with a permanent home as quickly as possible. *A.S.,* 239 S.W.3d at 392. Under the circumstances present in this case, we cannot conclude that the lack of a record precluded the appellant's meaningful participation in the hearing, prevented Warnke from preparing a record to support a claim of ineffective assistance of counsel at trial, or made it impossible for her to meet the Department's arguments that the points for appeal are frivolous.

No due process violation is apparent in this case, and the appellant is not arguing that any other issues raised in her state-

ment of points will support the appeal. The judgment is affirmed.

AFFIRMED.

DAVID GAULTNEY, Justice, dissenting.

A state "may not deny [a parent], because of her poverty, appellate review of the sufficiency of the evidence on which the trial court found her unfit to remain a parent." *M.L.B. v. S.L.J.*, 519 U.S. 102, 107, 117 S.Ct. 555, 136 L.Ed.2d 473(1996). When a trial court finds a factual sufficiency challenge would be frivolous, this Court determines whether to order a record of the trial evidence based on a review of the record of the post-trial hearing. *See, e.g., In the Interest of A.S.*, 239 S.W.3d 390, 392–93 (Tex.App.-Beaumont 2007, no pet.) (Appeal decided on record of post-trial hearing in which trial court's findings that an appeal would be frivolous were supported by evidence described by the parties during the hearing); *see also In the Interest of A.F.*, 259 S.W.3d 303 (Tex.App.-Beaumont, 2008, no pet.); *In the Interest of J.B.*, 259 S.W.3d 383 (Tex.App.-Beaumont, 2008, no pet. h.); *see* Tex. Fam.Code Ann. § 263.405(g) (Vernon Supp.2008) ("The appellate court shall render appropriate orders after reviewing the records and appellate briefs, if any."). The summaries presented by the parties at the post-trial hearing in this case reflect disagreement over the evidence supporting termination of appellant's parental rights. We should require the record of the evidence transcribed and filed. Because the majority does not, I respectfully dissent.