In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00419-CV


____________________



IN THE INTEREST OF M.C.C.






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 07-08-08443-CV 






MEMORANDUM OPINION


 The trial court terminated the parental rights of T.C. to her child, M.C.C. Appointed
trial counsel filed a motion for new trial, statement of points for appeal, and a motion
requesting a reporter's record. The trial court found that an appeal would be frivolous. The
clerk's record and a reporter's record of the hearing have been filed, and we invited the
parties to file briefs. See Tex. Fam. Code Ann. 263.405(g) (Vernon 2008). On appeal,
appellant "contends that the trial court erred when it did not order the trial transcript prepared
for filing with this Court." 

 The trial court terminated appellant's parental rights on multiple grounds. See Tex.
Fam. Code. Ann. § 161.001(1)(D), (E), (M), (N), (O) (Vernon 2008). The trial court also
found that termination would be in the best interest of the child. See id. § 161.001(2). 
Appellant concedes the evidence supports the trial court's findings. (1) However, appellant
contends her constitutional rights were violated when the trial court refused to order a full
reporter's record of the trial be prepared and filed with the appeal. Because a parent's
relationship with her child is a liberty interest protected by the Fourteenth Amendment,
appellate review "'must be kept free of unreasoned distinctions that can only impede open
and equal access to the courts.'" M.L.B. v. S.L.J., 519 U.S. 102, 111, 117 S.Ct. 555, 136
L.Ed.2d 473 (1996) (quoting Rinaldi v. Yeager, 384 U.S. 305, 310, 86 S.Ct. 1497, 16
L.Ed.2d 577 (1966)). Appellant argues section 263.405(g) of the Texas Family Code is
unconstitutional as applied to her because "[a] non-indigent appellant will always be afforded
full appellate review, and an indigent appellant will not." 


 We recently considered a similar argument. See In re M.L.B., 269 S.W.3d 757 (Tex.
App.--Beaumont 2008, no pet.). In M.L.B., the appellant challenged the sufficiency of the
evidence during the post-trial hearing but limited her appellate challenge to constitutional
issues relating to section 263.405. Id. at 759-60. We weighed the Eldridge factors and held
that due process did not require the preparation of a full record because there were no
substantial issues to review. Id. at 761-62 (citing Mathews v. Eldridge, 424 U.S. 319, 335,
96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). 

 In this case, appellate counsel also represented appellant at trial, and appellant
concedes sufficient evidence supports the termination findings. The appellant here has not
been denied a record because she could not pay for it; rather, she has been denied a record
because, as she concedes, any appeal would be frivolous. The procedures in section 263.405
of the Texas Family Code provide for a hearing at which a record may be developed
regarding points for appeal. See Tex. Fam. Code Ann. § 263.405(d). The appellant in this
case was able to develop a record through which she could challenge the trial court's ruling
that an appeal would be frivolous. 

 In Rinaldi v. Yeager, the Supreme Court invalidated a statute, on equal protection
grounds, that required incarcerated defendants who were unsuccessful on appeal to reimburse
the State for the cost of the record. 384 U.S. at 308. The Court held the statute
unconstitutional because no distinction rationally related to the purpose of the statute
distinguishing between incarcerated defendants and those serving probation or those who
paid a fine. Id. at 309-10. Section 263.405 of the Texas Family Code addresses a compelling
need to decrease post-judgment delays when children are under care of the Department. See
In re M.N., 262 S.W.3d 799, 801-02 (Tex. 2008). Although it is more burdensome to the
appellant than a procedure in which the appellate record is provided as a matter of right any
time notice of appeal is filed, the procedure created by section 263.405 of the Texas Family
Code is based upon a classification that bears some relevance to the purpose for which the
classification is made. See Rinaldi, 384 U.S. at 309. 

 Appellant argues this Court must order a full record in every case in which an Anders
brief is filed. Generally, when a court-appointed attorney moves to withdraw on the grounds
that an appeal would be frivolous, the appellant has a right to review the record and file a pro
se response ; it is then that the appellate court has the responsibility to review the record and
determine if arguable error requires appointment of new counsel. See Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). As we have noted, appellant's brief is not a true
Anders brief, and so we have not applied the Anders procedures. Moreover, in a parental-rights termination case, if the trial court denies a record pursuant to section 263.405 of the
Texas Family Code, generally the record under Anders review is the record required by
section 263.405(g). See In re T.G., No. 04-06-00882-CV, 2007 WL 1540970, *1 (Tex. App.--San Antonio May 30, 2007, no pet.)(mem. op.) ("In undertaking our review, we look only
to the statement of appellate points and the record from the hearing on same."). We do not
believe it appropriate to order a record of the trial under the circumstances in this case. See
Tex. Fam. Code Ann. § 263.405(g) ("The appellate court shall render appropriate orders
after reviewing the records and appellate briefs, if any.").

 In this case, appellant concedes the trial court's findings are supported by clear and
convincing evidence. She raises no issues regarding the admission or exclusion of evidence
during the trial. The trial court did not err in determining that an appeal would be frivolous. 
We affirm the trial court's judgment.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on January 19, 2009 

Opinion Delivered February 5, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.



1. Counsel suggests we should address this appeal as an Anders case, order the
preparation of a full appellate record, and provide appellant with an opportunity to review
the record and file a pro se brief. See Anders v. California, 386 U.S. 738, 87 S.Ct 1396, 18
L.Ed.2d 493 (1967); In re L.D.T., 161 S.W.3d 728, 730 (Tex. App.--Beaumont 2005, no
pet.). The brief filed by appellant is not a true Anders brief because it asserts error by the
trial court. Accordingly, we will not apply the Anders' procedures. We also note that
counsel did not file a motion to withdraw, did not certify that appellant received a copy of
the brief, and did not provide the Court with an address through which we could
communicate directly with appellant. We did not order compliance with Anders' procedures
because the brief argues error occurred in the trial court.