

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00003-CV

_____

IN THE INTEREST OF A.G. AND A.G., MINOR CHILDREN

On Appeal from the 307th Judicial District Court
Gregg County, Texas
Trial Court No. 2009-163-DR

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After a jury trial, a judgment was entered terminating the parental rights of Curtis Gordon, the father of A.G. and A.G., from which Gordon appeals. The mother signed an affidavit of voluntary relinquishment. Gordon brings three issues, all of which argue the unconstitutionality of a section of the Texas Family Code controlling the termination of parental rights. In the context of this case, these arguments are theoretical and Gordon has shown no harm by the application of the statute.

## I.      Statement of Points

Gordon argues that Section 263.405(i) of the Texas Family Code is unconstitutional as applied because it denies his federal and state due process rights by restricting what issues can be preserved and raised on appeal. He also argues that the same section is unconstitutional as violating the separation of powers doctrine in the Texas Constitution.

The complained-of section reads as follows:

(i)      The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

We have been confronted with these issues in several recent cases, and have explained our reasoning in several different factual situations. *See In re J.A.W.*, No. 06-09-00068-CV, 2010

2

Tex. App. LEXIS 2369 (Tex. App.—Texarkana Apr. 1, 2010, pet. denied). As in those cases, our first review is to determine the factual and procedural posture in which the case presents itself.

Gordon timely filed a statement of points and a motion for new trial. The State asked the trial court to find Gordon's appeal to be frivolous. The court denied the motion for new trial, found Gordon indigent, but the appeal frivolous, and thus refused to provide a record of the proceedings. On February 9, 2010, this Court ordered the court reporter to provide a record at no cost to Gordon, because the record of the new trial hearing provided insufficient information to determine whether the trial court was correct in determining whether the appeal was indeed frivolous.

We received a complete record on March 15, 2010, and Gordon's brief was filed on April 22, 2010. Even though Gordon filed an extensive statement of points raising issues of insufficiency of evidence as to each ground of termination, admission of records of convictions, admission of child support records, admission of certain witness testimony, and unconstitutionality of the statute, the only issues that have been brought before this Court involve the constitutionality of the statute. The Texas Supreme Court has repeatedly stated that we should not delve into constitutional issues if other grounds dispose of an appeal. *See VanDevender v. Woods*, 222 S.W.3d 430, 432 (Tex. 2007) (noting courts should rest decisions on nonconstitutional grounds, if available, not "wade into ancillary constitutional questions"); *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot

resolve issues on nonconstitutional grounds.").

Applying that general restriction, several appellate courts have held that due process or separation of powers issues should not be addressed where there is no showing that the operation of the challenged statute harmed the appellant. *See, e.g.*, *M.C. v. Tex. Dep't of Family & Protective Servs.*, 300 S.W.3d 305 (Tex. App.—El Paso 2009, pet. denied); *Walker v. Tex. Dep't of Family & Protective Servs.*, No. 01-07-00867-CV, 2009 WL 1688469, at *7, 12 (Tex. App.—Houston [1st Dist.] June 18, 2009, no pet.); *In re M.M.F.*, No. 2-08-014-CV, 2008 WL 5265033, at *7 (Tex. App.—Fort Worth Dec.18, 2008, no pet.) (mem. op.).

Gordon does not identify any issues that he has been deprived of pursuing due to the statutory mandate of a statement of points. Neither has he shown how the statute infringes on our ability to review the issues raised. He has not shown how the statute operated to deprive him of the ability to raise certain challenges on appeal. Thus, we may not address the constitutional issue concerning Section 263.405(i) of the Texas Family Code as presented here, and the contentions of error are overruled. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008).

## II. Frivolousness

Gordon also argues that Section 263.405(d)(3) of the Texas Family Code is unconstitutional in principle and application because it delegates the determination of whether an appeal is frivolous to the trial court, thus infringing upon the function and jurisdiction of the appellate courts. TEX. FAM. CODE ANN. § 263.405(d)(3) (Vernon 2008). Once again, while this

argument might have application in some instances, it does not apply here.

The original record provided to this Court was only the record of the hearing on the motion for new trial at which time the trial court decided the appeal was frivolous. If that record had been sufficient to show this Court that the determination on frivolousness made by the trial court was a proper finding, we would be required to affirm that ruling and dismiss the appeal.

On review, however, we found the record insufficient to allow us to reach such a determination. We recognized that several courts (including this one) have reviewed such a situation,[1] and acknowledged that there is no compelling reason for a delay to obtain a full record in a case where the parents' issues are demonstrably frivolous. *In re M.L.B.*, 269 S.W.3d 757 (Tex. App.—Beaumont 2008, no pet.).

The record presented did not contain a recitation of the evidence elicited or stipulations as to the evidence submitted. Further, the information provided by counsels' arguments were in the form of conclusory statements, rather than a description of the evidence presented. *Compare In re C.C.W.*, No. 02-07-00384-CV, 2009 WL 51032 (Tex. App.—Fort Worth Jan. 8, 2009, pet. denied) (mem. op.); *In re D.M.*, No. 04-08-00264-CV, 2008 WL 4500310 (Tex. App.—San Antonio Oct. 8, 2008, no pet.) (mem. op.); *In re M.R.J.M.*, 193 S.W.3d 670 (Tex. App.—Fort

---

[1]*In re S.A.C.*, No. 06-10-00002-CV, 2010 Tex. App. LEXIS 2170 (Tex. App.—Texarkana Mar. 12, 2010, no pet.) (mem. op.); *In re J.L.*, No. 13-07-00345-CV, 2010 Tex. App. LEXIS 1617 (Tex. App.—Corpus Christi Mar. 4, 2010, no pet.); s*ee In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.) (concluding that "an appellate court has the authority to order the preparation of a free record of all of the evidence in a termination case when necessary to review a trial court's determination that an appeal raising a factual sufficiency complaint is frivolous"); *M.R.J.M.*, 193 S.W.3d at 676 (providing appellate court has authority under separation of powers clause to order preparation of all evidence in termination case when necessary to review trial court's determination that appeal is frivolous); *see also* TEX. R. APP. P. 34.6(d).

Worth 2006, no pet.). We could not rely solely on arguments made during the hearing by counsel discussing the evidence presented at trial—particularly since they differed in their version of the evidence presented.

An appellate court has the authority to order the preparation of a free record of all of the evidence in a termination case when necessary to review a trial court's determination that an appeal raising a factual sufficiency complaint is frivolous. *M.R.J.M.*, 193 S.W.3d at 676 (holding such an order "appropriate" under Section 263.405(g)). We directed preparation of a complete record of the proceeding. *See K.D.*, 202 S.W.3d 860.

Because we obtained and reviewed the reporter's record from the trial in connection with our review of the trial court's frivolousness findings, we fully examined the merits of appellant's issues on appeal. We cannot agree that in this instance, Section 263.405 has operated to deny Gordon a record of the proceeding or the right to a meaningful appeal. The argument has effectively been rendered moot by the prior order of this Court providing a record for appeal. Gordon has suffered no harm from the complaint he asserts. *See* TEX. R. APP. P. 44.1(a).

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted: June 2, 2010
Date Decided: June 17, 2010

6