In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00003-CV

                                                ______________________________

 

 

                                                                  

 

              IN THE INTEREST OF A.G. AND A.G., MINOR CHILDREN

 

                                                                  

 

 

                                                                                                  


 

 

                                       On Appeal from the 307th
Judicial District Court

                                                             Gregg County, Texas

                                                      Trial Court No. 2009-163-DR

 

                                                    
                                              

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            After a jury
trial, a judgment was entered terminating the parental rights of Curtis Gordon,
the father of A.G. and A.G., from which Gordon appeals.  The mother signed an affidavit of voluntary
relinquishment.  Gordon brings three
issues, all of which argue the unconstitutionality of a section of the Texas
Family Code controlling the termination of parental rights.   In the context of this case, these arguments
are theoretical and Gordon has shown no harm by the application of the
statute.  

I.          Statement of Points 

 

            Gordon
argues that Section 263.405(i) of the Texas Family Code is unconstitutional as
applied because it denies his federal and state due process rights by
restricting what issues can be preserved and raised on appeal.  He also argues that the same section is
unconstitutional as violating the separation of powers doctrine in the Texas
Constitution. 

            The
complained-of section reads as follows:

 

(i)         The
appellate court may not consider any issue that was not specifically presented
to the trial court in a timely filed statement of the points on which the party
intends to appeal or in a statement combined with a motion for new trial.  For purposes of this subsection, a claim that
a judicial decision is contrary to the evidence or that the evidence is
factually or legally insufficient is not sufficiently specific to preserve an
issue for appeal.

 

            We
have been confronted with these issues in several recent cases, and have
explained our reasoning in several different factual situations.  See In re
J.A.W., No. 06-09-00068-CV, 2010 Tex. App. LEXIS 2369 (Tex. App.—Texarkana Apr.
1, 2010, pet. denied).  As in those
cases, our first review is to determine the factual and procedural posture in
which the case presents itself.

             Gordon timely filed a statement of points and
a motion for new trial.  The State asked
the trial court to find Gordon’s appeal to be frivolous.  The court denied the motion for new trial,
found Gordon indigent, but the appeal frivolous, and thus refused to provide a
record of the proceedings.   On February
9, 2010, this Court ordered the court reporter to provide a record at no cost
to Gordon, because the record of the new trial hearing provided insufficient
information to determine whether the trial court was correct in determining whether
the appeal was indeed frivolous.  

            We received
a complete record on March 15, 2010, and Gordon’s brief was filed on
April 22, 2010.  Even though Gordon
filed an extensive statement of points raising issues of insufficiency of
evidence as to each ground of termination, admission of records of convictions,
admission of child support records, admission of certain witness testimony, and
unconstitutionality of the statute, the only issues that have been brought
before this Court involve the constitutionality of the statute.  The Texas Supreme Court has repeatedly stated
that we should not delve into constitutional issues if other grounds dispose of
an appeal.  See VanDevender v. Woods,
222 S.W.3d 430, 432 (Tex. 2007) (noting courts should rest decisions on
nonconstitutional grounds, if available, not “wade into ancillary
constitutional questions”);  In re B.L.D., 113 S.W.3d 340, 349 (Tex. 2003)
(“As a rule, we only decide constitutional questions when we cannot resolve
issues on nonconstitutional grounds.”). 

            Applying
that general restriction, several appellate courts have held that due process
or separation of powers issues should not be addressed where there is no
showing that the operation of the challenged statute harmed the appellant. See, e.g., M.C. v. Tex. Dep’t of Family & Protective Servs.,  300 S.W.3d 305 (Tex. App.—El Paso 2009, pet.
denied); Walker v. Tex. Dep’t of Family &
Protective Servs., No. 01-07-00867-CV, 2009 WL 1688469, at *7, 12 (Tex.
App.—Houston [1st Dist.] June 18, 2009, no pet.); In re M.M.F., No. 2-08-014-CV, 2008 WL 5265033, at *7 (Tex.
App.—Fort Worth Dec.18, 2008, no pet.) (mem. op.).

            Gordon does
not identify any issues that he has been deprived of pursuing due to the
statutory mandate of a statement of points.  
Neither has he shown how the statute infringes on our ability to review
the issues raised.  He has not shown how
the statute operated to deprive him of the ability to raise certain challenges
on appeal.  Thus, we may not address the
constitutional issue concerning Section 263.405(i) of the Texas Family Code as
presented here, and the contentions of error are overruled.  Tex.
Fam. Code Ann. § 263.405(i) (Vernon 2008).

II.        Frivolousness 

 

            Gordon also
argues that Section 263.405(d)(3) of the Texas Family Code is unconstitutional
in principle and application because it delegates the determination of whether
an appeal is frivolous to the trial court, thus infringing upon the function
and jurisdiction of the appellate courts. 
Tex. Fam. Code Ann. § 263.405(d)(3)
(Vernon 2008).  Once again, while this
argument might have application in some instances, it does not apply here. 

            The
original record provided to this Court was only the record of the hearing on
the motion for new trial at which time the trial court decided the appeal was
frivolous.  If that record had been
sufficient to show this Court that the determination on frivolousness made by
the trial court was a proper finding, we would be required to affirm that
ruling and dismiss the appeal.  

            On review,
however, we found the record insufficient to allow us to reach such a
determination.  We recognized that several
courts (including this one) have reviewed such a situation,[1] and
acknowledged that there is no compelling reason for a delay to obtain a full
record in a case where the parents’ issues are demonstrably frivolous.  In re
M.L.B., 269 S.W.3d 757 (Tex. App.––Beaumont 2008, no pet.).  

            The record
presented did not contain a recitation of the evidence elicited or stipulations
as to the evidence submitted.  Further,
the information provided by counsels’ arguments were in the form of conclusory
statements, rather than a description of the evidence presented.  Compare
In re C.C.W., No. 02-07-00384-CV,
2009 WL 51032 (Tex. App.––Fort Worth Jan. 8, 2009, pet. denied) (mem. op.); In re D.M., No. 04-08-00264-CV,
2008 WL 4500310 (Tex. App.––San Antonio Oct. 8, 2008, no pet.) (mem. op.); In re M.R.J.M., 193 S.W.3d 670 (Tex.
App.––Fort Worth 2006, no pet.).  We
could not rely solely on arguments made during the hearing by counsel discussing
the evidence presented at trial—particularly since they differed in their
version of the evidence presented.

             An appellate court has the authority to order
the preparation of a free record of all of the evidence in a termination case
when necessary to review a trial court’s determination that an appeal raising a
factual sufficiency complaint is frivolous.  M.R.J.M.,
193 S.W.3d at 676 (holding such an order “appropriate” under Section
263.405(g)).  We directed preparation of
a complete record of the proceeding.  See K.D., 202 S.W.3d 860.  

            Because we
obtained and reviewed the reporter’s record from the trial in connection with
our review of the trial court’s frivolousness findings, we fully examined the
merits of appellant’s issues on appeal. 
We cannot agree that in this instance, Section 263.405 has operated to deny
Gordon a record of the proceeding or the right to a meaningful appeal.  The argument has effectively been rendered moot
by the prior order of this Court providing a record for appeal.   Gordon has suffered no harm from the
complaint he asserts.  See Tex.
R. App. P. 44.1(a).  

            We affirm the
judgment of the trial court. 

 

 

                                                                        Jack Carter

                                                                        Justice

 

Date Submitted:          June
2, 2010    

Date Decided:             June
17, 2010

 

 











[1]In re S.A.C., No. 06-10-00002-CV, 2010
Tex. App. LEXIS 2170 (Tex. App.—Texarkana Mar. 12, 2010, no pet.) (mem. op.); In re J.L., No. 13-07-00345-CV, 2010
Tex. App. LEXIS 1617 (Tex. App.—Corpus Christi Mar. 4, 2010, no pet.); see In re K.D., 202 S.W.3d 860, 866 (Tex.
App.—Fort Worth 2006, no pet.) (concluding that “an appellate court has the
authority to order the preparation of a free record of all of the evidence in a
termination case when necessary to review a trial court’s determination that an
appeal raising a factual sufficiency complaint is frivolous”); M.R.J.M., 193 S.W.3d at 676 (providing
appellate court has authority under separation of powers clause to order
preparation of all evidence in termination case when necessary to review trial
court’s determination that appeal is frivolous); see also Tex. R. App. P.
34.6(d).